IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>   Plaintiff<br><br>   v.<br><br>PUERTO RICO TELEPHONE COMPANY;<br>CELULARES TELEFONICA<br><br>   Defendants | Civil No. 97-2511 (GG)<br><br>Civil Action: Antitrust Laws; Discriminatory Pricing; Breach of Contract; Tort<br><br>Jury Trial Demanded |

**INFORMATIVE MOTION**

TO THE HONORABLE COURT:

Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays as follows:

**I.   Introduction**

The instant case is the culmination of several disputes related to the "Wholesale Service Agreement Cellular-Radio Service" signed between ACS and Puerto Rico Telephone Company (PRTC) in 1986. Notwithstanding its obligations therein, PRTC engaged in anticompetitive practices designed to drive ACS from the market. As part of this concerted effort, PRTC and Celulares Telefónica were grossly negligent in managing ACS's accounts – as well as its own cellular network.

Several issues have been submitted for the consideration of this Honorable Court. Notwithstanding the counterclaim filed by PRTC has been stayed per 11 USC § 362. Follows a report on the proceedings related to the instant case, as they stand thus far.

**II.   Relevant Facts**

1.   ACS filed a claim before this Honorable Court seeking redress for PRTC's anticompetitive practices and its efforts to drive ACS from the market.[1]

2.   In retaliation for filing said claim - claiming it was owed monies - PRTC shut ACS's business down.  It disconnected all of ACS' lines and filed a counterclaim in collection of monies, requesting in essence $1,655,391.96.  In so doing it pledged to this Honorable Court to be innocent of any discriminatory or abusive practices against ACS.[2]  PRTC also insisted that ACS filed the instant complaint to evade payment to what was allegedly owed.[3]

3.   Thereafter, ACS sought protection with the Bankruptcy Court and removed the instant claim and counterclaim to said forum.[4]  In turn, the Bankruptcy Court remanded the instant case to this Honorable Court while it reviewed all issues regarding PRTC's proof of claim.[5]

4.   However, the Bankruptcy Court stayed the counterclaim filed by PRTC[6] – now remanded to this Honorable Court.[7]  PRTC appealed the decision while seeking to consolidate the entire bankruptcy proceedings before this Honorable Court.[8]  Notwithstanding, the appeal

---

[1] Filed October 14, 1997.
[2] Filed December 1, 1997.
[3] See PRTC's *Consolidated Motion in Opposition to Motion under Rule 37(a)* of May 19th, 1998.  In it PRTC states:  "What is really at issue here is whether ACS can avoid paying PRTC/CT for services rendered by raising an antitrust smokescreen." At page 6.
[4] Respectively filed on May 28, 1998 and June 3rd, 1998.
[5] Removed on June 3rd, 1998.
[6] This Honorable Court closed the instant case for administrative purposes – on November 6th, 1998. Notwithstanding, five (5) days later the complaint and counterclaim were remanded to this Honorable Court, but at the same time, the counterclaim was stayed by the Bankruptcy Court per 11 U.S.C. § 362.
[7] Remanded by the Bankruptcy Court on November 11, 1998.
[8] Notice of Appeal was filed on June 6th, 2000.

was dismissed by the USDC–PR because of PRTC's neglect and because of the undue prejudice that said negligence would cause to ACS.[9]

5.  In Bankruptcy Court, PRTC's proof of claim was dismissed in its entirety – thus, sounding the death knoll on the counterclaim before this Honorable Court. It was determined that it was PRTC who owed monies to ACS - not the other way around.[10] Specifically, the Bankruptcy Court determined - in essence - that:

> i. *Fraud claims denied by PRTC must be credited to ACS*
> PRTC did not maintain its network properly nor did it set adequate controls - to prevent third parties from tapping into it to use the numbers of bonafide clients. Therefore, PRTC must credit ACS for fraud claims unjustly denied.
> ii. *PRTC received payments from ACS but failed to credit them*
> It was also determined that the books kept by PRTC of ACS's account were inadequate. This, inasmuch as it is obliged to credit certain sums of monies received that were never credited.
> iii. *PRTC improperly invoiced airtime rounding in 6 cents increments instead of billing to the next second*
> ACS is also entitled to a credit from PRTC since it was charged for rounding of cellular airtime at 6 seconds increments in breach of the tariff agreed.
> iv. *PRTC withheld billing tapes from ACS while at the same time demanding payment*
> Finally, PRTC disconnected ACS' lines, and immediately charged it for services. However when ACS requested the billing tapes to collect from the end users, PRTC remained unmoved. It insisted on payment but did not deliver to ACS the necessary tapes with the information to collect from end users. Hence the amounts charged for this period are also to be credited to ACS.

Again PRTC appealed the decision to the USDC-PR and lost.[11]

6.  Notwithstanding the undue delays caused to date, PRTC appealed the decision of the USDC – PR – affirming the opinion and order of the Bankruptcy Court - to the United States Court of Appeals for the First Circuit.[12]

---

[9] In re Advance Cellular Systems, Inc. 262 B.R. 10.
[10] *Opinion and Order* dated March 19th, 2002.
[11] Judgment issued on January 9th, 2006.

### III. Discussion

Therefore, according to the above ACS herein informs.

### A. *The final determination on PRTC's Counterclaim is pending before the United States' Court of Appeals*

It is evident that the controversy concerning the proof of claim (and the appeal initiated by PRTC) is directly related to the counterclaim filed before this Honorable Court – currently stayed the Bankruptcy Court. That is, since ACS is owed certain credits by PRTC, the counterclaim must be dismissed in its entirety. Hence the outcome of said appeal will also affect these proceedings.

### B. *ACS will Amend its Claim Once the Court of Appeals Confirms the Determinations of the Bankruptcy Court and the District Court in its Favor*

Moreover, ACS hereby informs that it will amend the complaint of reference once the Honorable Court of Appeals for the First Circuit finally settles the issue of the dismissal of the proof of claim/counterclaim in its favor. To that effect ACS hereby puts PRTC on notice for all legal purposes that it will seek additional compensation from it and shall amend its claim in the amount of $388,087.43 plus accumulated interest – per the terms of the contract – in the amount of $1,208,540.01 for a total of **$1,596,627.44.**

Finally, an additional claim for damages caused to ACS due to PRTC's illegal disconnection of ACS's lines under the false pretense that it was owed monies - when in reality it was defendant who owed monies to plaintiff - will require the amendment of the complaint seeking damages in the amount of **$19,425,000**.

---

[12] Notice of Appeal before the United States Court of Appeals for the First Circuit was filed on January 23rd, 2006.

WHEREFORE, ACS respectfully requests that this Honorable Court take notice of what is herein informed.

RESPECTFULLY SUBMITTED.

I hereby certify that on April 27th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila.

In San Juan, Puerto Rico, this 27th day of April 2006.

    s/ Jairo Mellado-Villarreal
    Jairo Mellado-Villarreal, 208112
    Attorney for plaintiff Advanced Cellular Systems
    MELLADO & MELLADO-VILLARREAL
    165 Ponce de León Ave., Suite 202
    San Juan, Puerto Rico  00917-1233
    Tel. 787-767-2600/Fax 787-767-2645
    E-mail jmellado@mellado.com