IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>    Plaintiff<br><br>    v.<br><br>PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFÓNICA<br><br>    Defendants | Civil No. 97-2511 (JAF)<br><br>Civil Action:  Antitrust Laws; Discriminatory  Pricing; Breach of Contract; Tort; Collection of Monies<br><br>Jury Trial Demanded |

**ACS' REQUEST FOR AUTHORIZATION TO AMEND COMPLAINT**

TO THE HONORABLE COURT:

Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays:

**I.    Introduction**

ACS respectfully requests permission to amend its *Complaint*.[1] The purpose of the amendment is to include two additional causes of action: (1) collections of moneys for the amounts owed by Puerto Rico Telephone Company (PRTC) to ACS under the contract; (2) damages due to PRTC's breach of contract and by illegally disconnecting ACS' lines. These amendments are to conform the complaint with the determinations made by the Bankruptcy Court in the *Opinion and Order* entered on March 12, 2002 confirmed by the District Court on January 9, 2006.[2]

**II. Discussion**

ACS sought protection with the Bankruptcy Court and removed the instant claim and

---

[1] First Amended Complaint is herewith included as **Exhibit "1"**.
[2] Case #98-07437 consolidated with case #98-07438.

counterclaim to said forum.[3] In turn, the Bankruptcy Court remanded the instant case to this Honorable Court while it reviewed all issues regarding PRTC's proof of claim.[4] However, the Bankruptcy Court stayed the counterclaim filed by PRTC[5] – now remanded to this Honorable Court.[6] PRTC appealed the decision while seeking to consolidate the entire bankruptcy proceedings before this Honorable Court.[7] Notwithstanding, the appeal was dismissed by the USDC–PR because of PRTC's neglect and because of the undue prejudice that said negligence would cause ACS.[8] Meanwhile, on November 6, 1998 this Honorable Court entered an Order in which it closed the case as the same was remanded by the Bankruptcy Court.[9] Notwithstanding, the instant case was not reopened after the remand from the Bankruptcy Court on November 11, 1998.

In Bankruptcy Court on March 12, 2002 it entered an *Opinion and Order* in which PRTC's proof of claim was dismissed in its entirety – thus, sounding the death knoll on the counterclaim before this Honorable Court. It was determined that ACS had overpaid significant amounts to PRTC and therefore ACS did not owe any amounts to PRTC.[10] Specifically, the Bankruptcy Court determined - in essence - that:

> i. ***Fraud claims denied by PRTC must be credited to ACS***
> PRTC did not maintain its network properly nor did it set adequate controls - to prevent third parties from tapping into it to use the numbers of bonafide clients. Therefore, PRTC must credit ACS for fraud claims unjustly denied.
> ii. ***PRTC received payments from ACS but failed to credit them***

---

[3] Respectively filed on May 28, 1998 and June 3rd, 1998.
[4] The case was remanded by the Bankruptcy Court on November 11, 1998.
[5] This Honorable Court closed the instant case for administrative purposes – on November 6th, 1998. Notwithstanding, five (5) days later the complaint and counterclaim were remanded to this Honorable Court, but at the same time, the counterclaim was stayed by the Bankruptcy Court per 11 U.S.C. § 362.
[6] Remanded by the Bankruptcy Court on November 11, 1998.
[7] Notice of Appeal was filed on June 6th, 2000.
[8] In re Advance Cellular Systems, Inc. 262 B.R. 10.
[9] Docket 38.
[10] *Opinion and Order* dated March 19th, 2002.

2

>> It was also determined that the books kept by PRTC of ACS' account were inadequate. This, inasmuch as it is obliged to credit certain sums of monies received that were never credited.
>
> iii. ***PRTC improperly invoiced airtime rounding in 6 cents increments instead of billing to the next second***
> ACS is also entitled to a credit from PRTC since it was charged for rounding of cellular airtime at 6 seconds increments in breach of the tariff agreed.
>
> iv. ***PRTC withheld billing tapes from ACS while at the same time demanding payment***
> Finally, PRTC disconnected ACS' lines, and immediately charged it for services. However when ACS requested the billing tapes to collect from the end users, PRTC remained unmoved. It insisted on payment but did not deliver to ACS the necessary tapes with the information to collect from end users. Hence the amounts charged for this period are also to be credited to ACS.

Again PRTC appealed the decision to the USDC-PR and lost.[11]

2.  The undue delays caused to date aside, PRTC appealed the decision of the USDC–PR - affirming the opinion and order of the Bankruptcy Court - to the United States Court of Appeals for the First Circuit.[12] This is pending resolution and no determination has been entered as of today.

3.  Notwithstanding, the fact that the Bankruptcy Court issued an *Opinion and Order* in the case before it to which is directly related to PRTC's counterclaim in the instant case - the complaint filed by ACS is still pending for consideration and resolution before this Honorable Court. Hence, in order to solve the controversies presented in the instant case, ACS respectfully requests that the case be reopened and authorize it to amend the original complaint.

---

[11] Judgment issued on January 9th, 2006.
[12] Notice of Appeal before the United States Court of Appeals for the First Circuit was filed on January 23rd, 2006.

3

4. Rule 15 of Federal Rules of Civil Procedure[13] allows a party to amend his pleadings with leave of the court if the same is made after the twenty (20) days period since the same was served has expired. It has been established that the leave to amend "shall be freely given when justices so requires."

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. See generally, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."[14] [15]

5. In this case, the proposed amendments to the Complaint do not cause undue prejudice to PRTC. Moreover, the amendment will not have the effect of unduly delaying the proceedings. The amendments requested seek to conform the Complaint originally filed with the determinations made by the Bankruptcy Court and the extrajudicial realities that have occurred during the last nine (9) years of litigation. Hence, plaintiff will have a right to recover all the amounts owed to it within one procedure without further delay.

6. Therefore, according to the above ACS respectfully requests this Honorable Court leave to amend the *Complaint* originally filed. The purpose of this amendment is to

---

[13] Rule 15 of Fed. Rules of Civ. Procedure.
[14] *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227 (1962)
[15] 6 F.P.P. § 1487 "The liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases. Indeed, the text of the rule makes it clear that permission to amend is not to be given automatically but is allowed only "when justice so requires." However, the court may not impose arbitrary restrictions on the availability of amendments or use its discretion in a way that undermines the basic policy of the rule"

4

include two additional causes of actions: (1) collections of moneys for the amount overpaid by ACS to PRTC, pursuant to the Order entered by the Bankruptcy Court; (2) damage claim for all the damages caused by PRTC to ACS due to the breach of contract, the illegal disconnection of ACS' lines under the false pretense that it was owed monies - when in reality it was defendant who owed monies to plaintiff.

WHEREFORE, in view of the aforesaid reasons, and as explained with particularity the *Amended Complaint* filed on this same date, we respectfully request that this Honorable Court re-open the case and allow for the amendment of the complaint.

I hereby certify that on December 21st, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila.

At San Juan, Puerto Rico, this 21st day of December 2006.

> s/Jairo Mellado-Villarreal
> Jairo Mellado-Villarreal, 208112
> Attorney for Advanced Cellular Systems Corp.
> MELLADO & MELLADO-VILLARREAL
> 165 Ponce de León Ave., Suite 202
> San Juan, Puerto Rico 00917-1233
> Tel. 787-767-2600/Fax 787-767-2645
> E-mail jmellado@mellado.com

5