IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCE CELLULAR SYSTEMS, INC.<br><br>    Plaintiff<br><br>v.<br><br>PUERTO RICO TELEPHONE COMPANY, Inc.<br><br>    Defendant | Civil No. 97-2511 (JAF) |

**RESPONSE IN OPPOSITION TO UNTIMELY MOTION TO REOPEN FINAL JUDGMENT AND REQUEST FOR A TERM TO FILE SUPPORTING MEMORANDUM OF LAW**

**TO THE HONORABLE COURT:**

COME NOW, the Puerto Rico Telephone Company (D/B/A Verizon Wireless), through the undersigned counsel, opposes Plaintiff's "Motion to Amend/Correct Complaint" (Doc. No. 43), as follows:

<u>Eight years</u> after the entry of a <u>final</u> judgment dismissing this action, plaintiff filed on December 21, 2006 an untimely "motion to reopen" (named and disguised as a motion for leave to amend the complaint) without citing any Federal Rule of Civil Procedure or authorities that would support such an extraordinary relief. (Doc. No. 43.) Because the court lacks subject matter jurisdiction to entertain plaintiff's untimely motion, the requests to reopen and for leave to amend must be <u>denied</u>.

This action arose in 1997 from PRTC's decision to terminate plaintiff as a reseller of cellular services. <u>See Exhibit A</u>, Docket Report. Plaintiff filed a complaint requesting damages and injunctive relief. The District Court (Gierbolini, J.) denied

plaintiff's request for a preliminary injunction. At relevant times, plaintiff filed for bankruptcy protection under Chapter 11. On November 6, 1998, the District Court dismissed the action and entered Judgment "as it has been removed to the Bankruptcy Court." (Doc. No. 38). The District Court's Judgment became final for it was not appealed and the court did not retain jurisdiction.

In due course, the Bankruptcy Court heard and denied PRTC's proof of claim for collection of monies against the debtor. PRTC's appeal from the District Court's (Casellas, J.) Judgment affirming the order denying the proof of claim remains pending in the First Circuit. Plaintiff's argument that the Bankruptcy and District Court's rulings in the proceeding of the proof of claim are an adjudication on the merits of its claims against PRTC, is frivolous. On the contrary, the Bankruptcy Court had <u>denied</u> plaintiff's motion to adjudicate its claims for relief in the proceeding over PRTC's proof of claim, and plaintiff-debtor failed to appeal that ruling. Plaintiff also failed to timely move to reopen the District Court's 1998 Judgment or otherwise take any action for eight years to prosecute its claims until the untimely motion to reopen in December 2006.

It is bedrock that, once a district court enters a final judgment closing the action without retaining supplemental jurisdiction, as here, and plaintiff fails to timely move to reopen the Judgment as provided in the Federal Rules of Civil Procedure, the court lack subject matter jurisdiction to entertain an untimely (in this case, eight years late) motion for relief for judgment. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375 (1994).

Plaintiff concedes that the District Court entered a final judgment and does not dispute that it failed to move to reopen until eight years later. Plaintiff offers no credible or valid justification for its unreasonable eight-year delay (since it knew years ago that the Bankruptcy Court would not adjudicate any of its claims in this action), and ignores stating any basis for subject matter jurisdiction. As the court lacks jurisdiction to warrant considering plaintiff's untimely request for relief from judgment, there is no authority to consider plaintiff's motion for leave to amend. Accordingly, plaintiff's motion must be denied.

PRTC intends to file a memorandum of law in support of this brief response and opposition, and requests a term to file the supporting brief until a week after the Court of Appeals has heard oral argument in the proof of claim appeal on February 7, 2007.

**WHEREFORE**, PRTC requests this court to deny plaintiff's motion to reopen and for leave to amend. Should this court require supplemental briefing, PRTC requests leave of court to file a supporting memorandum of law by not later than February 14, 2007 or at any other date set by this court.

Respectfully Submitted.

In San Juan, Puerto Rico, this 3rd of January 2007.

CERTIFICATION: Today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff-debtor's counsel Carmen Conde, Esq and Jairo Mellado, Esq..

**FIDDLER, GONZALEZ & RODRIGUEZ, P.S.C.**

ATTORNEYS OF DEFENDANT
P.O. BOX 363507
SAN JUAN PR 00936-3507
TEL. (787) 753-3113/787-759-3187
FAX (787) 787-759-3109
e-filing@fgrlaw.com
By:  S/ Ricardo F. Casellas, Esq.
Ricardo F. Casellas, USDC-PR 203114
rcasella@fgrlaw.com

-4-