IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>  Plaintiff<br><br>  v.<br><br>PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFONICA<br><br>  Defendants | Civil No. 97-2511 (JAF)<br><br>Civil Action:  Antitrust Laws; Discriminatory Pricing; Breach of Contract; Tort; Collection of Monies<br><br>Jury Trial Demanded |

**REPLY TO RESPONSE IN OPPOSITION TO** *ACS' REQUEST FOR AUTHORIZATION TO AMEND COMPLAINT*

TO THE HONORABLE COURT:

Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays as follows:

**I.**     *Introduction*

PRTC argues that a judgment was issued in the case of caption - a judgment that thoroughly dismissed ACS's complaint.  The allegation is frivolous.  In this case no judgment has been issued by this Honorable Court.  The case was merely closed for administrative purposes because it had been removed to the Bankruptcy Court.

Thereafter, the case was remanded to this Honorable Court but due to a clerical error either at the Clerk's office of the Bankruptcy Court or of this Honorable Court, the same was never reopened.  Now that the Bankruptcy Court has thoroughly dismissed PRTC's proof of claim against ACS we respectfully submit that the re-opening of the case and the amendment of the complaint are warranted.

**II.**   *Procedural History*

a.   **Case 97-2511 filed before the USDC-PR**

1. This case was originally filed by ACS before this Court on October 14, 1997 under case number 97-2511. PRTC answered the Complaint and filed a *Counterclaim* against ACS on December 1, 1997.[1]

2. Thereafter, ACS sought the protection from the Bankruptcy Court under chapter 11. The U.S. Bankruptcy Court assigned it case number 98-7437.[2]

b.   **Case 97-2511 was removed to Bankruptcy.**

3. ACS removed case number 97-2511 to the Bankruptcy Court - under case number 98-00051 - on June 3, 1998[3]. However, on July 9, 1998 PRTC filed a remand request with the Bankruptcy Court (both of the Complaint and the Counterclaim filed in case 97-2511).[4]

4. Meanwhile, in the instant case, on ***November 6, 1998*** this Honorable Court entered an order and judgment "closing the case as it has been removed to the U.S. Bankruptcy Court."[5] (Notice that no decision on the merits of the case was entered).

c.   **Case 97-2511 was remanded to the USDC-PR but due to a clerical error was either not sent and/or not re-opened.**

5. After several oppositions and replies filed by the parties - on November 11, 1998 - the U.S. Bankruptcy Court ordered that the instant case be remanded to this Honorable Court.[6]

When the U.S Bankruptcy Court remanded the case it reasoned:

---

[1] **See Docket 4.**
[2] ACS sought protection from the bankruptcy court on May 29, 1998 – case number 98-7437.
[3] **See Docket 1** of case number 98-00051 before the U.S. Bankruptcy Court, and the Notice of Removal filed in the instant case under Docket #36.
[4] **See Docket 5** of U.S. Bankruptcy case number 98-00051.
[5] See Docket 38 of the instant case.
[6] **See Docket 5** of U.S. Bankruptcy case number 98-00051.

2

> "Upon defendant's motion to remand and after considering debtor-plaintiff's opposition [dkt 7], this court finds that remand action is a non-core related to proceeding that may affect debtor's estate. However, being a non-core proceeding, this court may only propose to the U.S. District Court findings of fact and conclusions of law. Thus in the interest of judicial economy, the action is remanded to the U.S. District Court, wherein it can be timely adjudicated."

6.  The decision entered by the U.S. Bankruptcy Court was thereafter appealed by ACS.[7] After several proceedings, on March 31, 2000 this Honorable Court – on appeal - affirmed the U.S. Bankruptcy Court's decision to remand the removed claims to the USDC-PR.[8] However, it seems that due to a clerical oversight the case was either not sent by Bankruptcy or was simply not opened by USDC-PR.

d.  **In Bankruptcy, PRTC implicitly admits that case 97-2511 was not dismissed on its merits and remained opened.**

7.  In the meantime, the U.S. Bankruptcy Court – in case with assigned number 98-7437 – the court held a hearing and made the following determinations:

> "ORDER: The Court makes the following findings, 1. the complaint filed by the debtor is a non-core and has been remanded to the District Court. 2. *the counterclaim by PRTC is a collection of monies action against the debtor and is premised on the same facts as the proof of claim; 3. the counterclaim in the District Court is stayed by 11 USC 362[a]. 4. the objection to claim is a core matter to be adjudicated by this court.* The Court will proceed with the objection to claim. The confirmation hearing is continued without a date pending a decision on the objection to claim. The court requests a transcript in support of its findings and conclusions. Regarding the discovery on the objection to claim the court orders that debtor provide the evidence or the basis of its allegations of the fraud claims. A detailed exposition of the court's ruling is in the attached transcript, pages 32-60. The parties are granted 60 days to conclude discovery. A pretrial will be scheduled within 90 days in a separate order." (Emphasis added)[9]

---

[7] See Docket 17 of US Bankruptcy case 98-00051 *Notice of Appeal filed by ACS";* The appeal was filed under the civil case number 98-2355.
[8] **See docket 15 and 16** of U.S. District Court case number 98-2355.
[9] **See Docket 245** of US Bankruptcy case number 98-7437.

3

8.      This order was later appealed by PRTC before this Honorable Court which in turn confirmed the determination made by the U.S. Bankruptcy Court.[10]   In its appeal PRTC made several allegations.  However, it essentially argued that all pending issues should be resolved by the USDC-PR.   By so arguing PRTC implicitly admitted then that the complaint and the counterclaim currently before this Honorable Court were not dismissed or adjudicated on its merits in 1998 - otherwise, why would PRTC argue in the year 2000 that its counterclaim not be subject to an automatic stay or argue that the objection to PRTC's Proof of Claim should not be decided by the Bankruptcy Court but in the USDC-PR's case number 97-2511?[11]

e.      **The fallout from the determinations made by the Bankruptcy Court.**

9.      In Bankruptcy Court, PRTC's proof of claim was dismissed in its entirety. Therefore, since the proof of claim was rooted on the same facts as the counterclaim, PRTC's claim before the USDC-PR at best became questionable.  The Bankruptcy Court determined that it was

---

[10] PRTC filed its notice for appeal before the US Bankruptcy Court on July 6, 2000. **See docket 247.** "NOTICE OF APPEAL FILED BY The Puerto Rico Telephone Co. and Celulares Telefónica, Inc. regarding order entered on June 26, 2000 appealing that the complaint filed by the debtor is non-core and has been remanded to the District Court, that the counterclaim filed by PRTC/Celulares is a collection of monies, that the counterclaim in the District Court is stayed by 11 U.S.C 362, that the objection to claim is a core matter to be adjudicated by the Bankruptcy Court and that the Bankruptcy Court will proceed with the objection to claim."  Thereafter the appeal was filed before this Honorable Court under case number 00-2272.

[11] PRTC argued on said appeal:
>"Moreover, by having the present action adjudicated between two forums, the U.S. District court and the bankruptcy Court, exposes the parties to the action to a multiplicity of actions and forums.  This unnecessary duplication of judicial resources runs contrary to the principle behind the Federal Rules of Civil Procedure, most notable Fed.R.Civ. P.1, which provides that the  spirit of the rules is to have a speedy adjudication of all controversies between the parties in a single action and without a multiplicity of suits."  (Citations omitted).
>"In view of the aforesaid, PRTC and Celulares Telefónica respectfully submit that based on the clear language of the Final Judgment, Opinion and Order entered by the U.S. District Court of Puerto Rico, the counterclaim filed by PRTC and Celulares Telefónica at the U.S. District Court is not stayed pursuant to the automatic stay of the Bankruptcy Code. ***Additionally, the interests of judicial economy mandate that the whole action be adjudicated at the U.S. District Court for the District of Puerto Rico, instead of in a piecemeal fashion at both the District Court and Bankruptcy Courts***." **Docket 4 of Case 00-2172.**  (Emphasis added).

4

PRTC who owed monies to ACS - not the other way around.[12]

10.     Again PRTC appealed the decision to the USDC-PR and lost.[13] Notwithstanding the undue delays caused to date, PRTC appealed the decision of the USDC - PR - affirming the opinion and order of the Bankruptcy Court - to the United States Court of Appeals for the First Circuit.[14] The case is scheduled for oral argument on February 8th, 2007.

**III.    *Discussion***

ACS requested authorization to amend its complaint.  PRTC opposes said request to amend and to re-open the case arguing that this Honorable Court already issued a decision on the merits of the case dismissing it in its entirety.  Finally, PRTC states that ACS did not appeal this decision on the merits – and a motion to reopen is now overdue.

PRTC's argument is flawed because it is premised on an error of fact.  PRTC claims that the order issued by this Honorable Court - on November 6, 1998[15] - is a final judgment dismissing the case on its merits.  However, as previously reviewed on this motion in its statements of fact the order issued by the USDC-PR was an administrative order closing – not dismissing – the case.  The

---

[12] *Opinion and Order* dated March 19th, 2002. Specifically, the Bankruptcy Court determined - in essence - that:

  i. **Fraud claims denied by PRTC must be credited to ACS -** PRTC did not maintain its network properly nor did it set adequate controls - to prevent third parties from tapping into it to use the numbers of bonafide clients.  Therefore, PRTC must credit ACS for fraud claims unjustly denied.
  ii. **PRTC received payments from ACS but failed to credit them -** It was also determined that the books kept by PRTC of ACS's account were inadequate.  This, inasmuch as it is obliged to credit certain sums of monies received that were never credited.
  iii. ***PRTC improperly invoiced airtime rounding in 6 cents increments instead of billing to the next second -*** ACS is also entitled to a credit from PRTC since it was charged for rounding of cellular airtime at 6 seconds increments in breach of the tariff agreed.
  iv. ***PRTC withheld billing tapes from ACS while at the same time demanding payment -*** Finally, PRTC disconnected ACS' lines, and immediately charged it for services.  However when ACS requested the billing tapes to collect from the end users, PRTC remained unmoved. It insisted on payment but did not deliver to ACS the necessary tapes with the information to collect from end users.   Hence the amounts charged for this period are also to be credited to ACS.

[13] Judgment issued on January 9th, 2006.
[14] Notice of Appeal before the United States Court of Appeals for the First Circuit was filed on January 23rd, 2006.
[15] Docket 38.

5

order was merely the consequence of the removal of the complaint - and the counterclaim - to the Bankruptcy Court. The order did not weight the issues of the case in an opinion, nor did it actually dismiss the case – it merely closed the case for administrative purposes because of its transfer to another forum. The order in the instant case merely considered an incident within the various issues of the case: the removal to the Bankruptcy Court.

It has been generally held that transfer orders to a different venue or jurisdiction do not end the litigation. Therefore, said orders cannot be appealed.

> "As a general rule, orders granting or denying transfer under any of the transfer statutes, Section 1404 (transfer of action case from one proper venue to another for convenience), Section 1406 (transferring case in which venue improperly laid), or Section 1631 (transfer when subject matter jurisdiction, or in some courts, personal jurisdiction, is lacking), are not immediately appealable because ordinarily these orders do not end the litigation. Thus, they are not "final decisions" for the purpose of appellate jurisdiction."[16]

It is evident that an order to transfer a case cannot be appealed because it is not a final determination on the merits. Moreover, in general, an order cannot be immediately appealed as of right.

It is worthy of notice that when PRTC argues that the case at bar was thoroughly dismissed, it is also arguing that its counterclaim against ACS was dismissed. However, in this bargain PRTC is not giving up any rights. That is, PRTC argues that the complaint – and counterclaim – of case 97-2511 were dismissed because it is privy to the *Opinion and Order* issued by the Bankruptcy Court which had the practical effect of rendering PRTC's counterclaim moot.[17]

Thereafter, when this case was remanded to this Honorable Court it was not re-opened - not because the case was adjudicated and/or dismissed on its merits – but because of a clerical

---

[16] 17-111 Moore's Federal Practice - Civil § 111.60
[17] *Opinion and Order* dated March 19th, 2002.

error. Therefore, any allegation as to the application of Rule 60 of FRCP and its pertinent case law - as alleged by PRTC - to the instant controversy is frivolous.

**WHEREFORE** ACS respectfully requests that this Honorable Court denies PRTC's opposition to its request to file an amended complaint and for the opening of the case of caption.

I hereby certify that on January 23rd, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila and Zuleika Llovet-Zurinaga, Esq..

In San Juan, Puerto Rico, this 23rd day of January 2007.

            s/ Jairo Mellado-Villarreal
            Jairo Mellado-Villarreal, 208112
            Attorney for plaintiff Advanced Cellular Systems
            MELLADO & MELLADO-VILLARREAL
            165 Ponce de León Ave., Suite 202
            San Juan, Puerto Rico  00917-1233
            Tel. 787-767-2600/Fax 787-767-2645
            E-mail jmellado@mellado.com