IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCE CELLULAR SYSTEMS, INC.<br><br>Plaintiff<br><br>v.<br><br>PUERTO RICO TELEPHONE COMPANY, Inc.<br><br>Defendant | Civil No. 97-2511 (JAF) |

**SUPPLEMENTAL RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION
TO UNTIMELY MOTION TO REOPEN FINAL JUDGMENT FOR LACK OF
SUBJECT MATTER JURISDICTION**

**TO THE HONORABLE COURT:**

COMES NOW, the defendant Puerto Rico Telephone Company (D/B/A Verizon Wireless), through its undersigned counsel, opposes with leave of court (Doc. No. 48) both Plaintiff's "Motion to Amend/Correct Complaint" (Doc. No. 43), and Reply (Doc. No. 47) as follows:

<u>Eight years</u> after the entry of a <u>final</u> Judgment dismissing this action, plaintiff filed on December 21, 2006 an untimely "motion to reopen" (named and disguised as a motion for leave to amend the complaint) without citing any Federal Rule of Civil Procedure or authorities that would support such an extraordinary relief. (Doc. No. 43).

1

PRTC filed a brief Response opposing the motion. (Doc. No. 44). ACS responded with a Reply that is devoid of any legal authorities or valid arguments justifying the extraordinary measure of granting relief from the final Judgment. ACS's pleas are an attempt to induce this court into error. Because the court lacks subject matter jurisdiction to entertain plaintiff's untimely motion, the requests to reopen and for leave to amend must be denied.

**Factual and Procedural Background:**

The relevant and straightforward facts for the jurisdictional question presented here are derived from the dockets in the bankruptcy and district courts over which this court can take judicial notice.

This action arose in 1997 from PRTC's decision to terminate plaintiff as a reseller of cellular services. Exhibit, Docket Report in 97-2511. Plaintiff's complaint requested damages and injunctive relief and asserted claims sounding in antitrust. PRTC filed an answer and counterclaim, opposed the request for injunctive relief, and moved to dismiss the action on the merits. Id. Doc. No. 6, 16. The District Court (Gierbolini, J.) denied plaintiff's request for a preliminary injunction, but did not decide the motion to dismiss before it entered Judgment (Doc. No. 25.)

2

On May 29, 1998, ACS filed its petition under Chapter 11 of the Bankruptcy Code that stayed the action. On September 16, 1998, PRTC filed its Proof of Claim No. 18 claiming the general unsecured pre-petition sum of $1,655,391.96 against ACS.

ACS filed an objection to Proof of Claim No. 18, and a contested matter ensued. In opposing the allowance of Proof of Claim No. 18, ACS improperly raised certain defenses, of a contractual nature, that were the subject of Civil No. 97-2511 (GG) filed before the United States District Court for the District of Puerto Rico. ACS removed the present action, Civil No. 97-2511 (JAF), to the Bankruptcy Court upon the filing of its petition.

On November 10, 1998, the District Court dismissed this action and entered an Order and Judgment "as it has been removed to the Bankruptcy Court." (Doc. No. 38). The District Court's Judgment became <u>final</u> for it was <u>not</u> appealed within thirty days <u>and the court did not retain jurisdiction</u>. ACS did nothing to reopen the Judgment or attempt to litigate the "non-core" matters. Nor did ACS initiate a separate adversary proceeding in the Bankruptcy Court. To be sure, PRTC has never argued that the District Court's Judgment operated to dismiss or close the case <u>with prejudice</u>, but it was a Judgment nonetheless carrying the

3

same jurisdictional consequences that any other <u>final</u> Judgment that dismisses an action without prejudice would have.

A week later, on November 17, 1998, the Bankruptcy Court <u>remanded</u> the "non-core" claims to the District Court in the interests of judicial economy and on grounds that it involved non-core issues in relation to which the Bankruptcy Court could make only recommendations to the District Court. <u>See</u> <u>Exhibit</u>, Opinion and Order at JAPP 584. Plaintiff appealed the decision to remand the non-core claims to the District Court (and lost in due course).

The Bankruptcy Court scheduled an evidentiary hearing <u>solely</u> on the issue of whether PRTC's "claim should be allowed and in what amount." <u>Exhibit</u>, Doc. Nos. 306 at p. 34(Minutes of June 4, 2001) and 313 (Order denying debtor's motion for reconsideration).

In adjudicating whether or not to allow Proof of Claim No. 18, the Bankruptcy Court ruled that it would not entertain collateral issues, including any requests for monetary relief by ACS. Those were "non-core matters", more properly the subject of Civil No. 97-2511 (GG) or which could have been raised in a separate adversary proceeding.

Meanwhile, on March 29, 2000, the District Court by a different Judge (Pieras, J.) affirmed the Bankruptcy

4

Court's decision to remand the "non-core" claims of ACS to the District Court (Gierbolini, J.) in the present action.

What happens next illustrates plaintiff's gross failure to prosecute its non-core claims in this action. Despite being fully aware of the entry of Judgment in this action two years earlier, and the court's decision to affirm the remand order, ACS did nothing to litigate the case back in this court or move to reopen the Judgment. As we can tell from the record, ACS's filings were limited to counsel informing the court of a trip outside of Puerto Rico (Doc. No. 40), and ACS's filing an "Informative Motion" in March of last year (Doc. No. 41). Inexplicably, nothing substantive happened after the final Judgment in this case until eight years later with ACS's motion to reopen.

In due course, the Bankruptcy Court heard and denied PRTC's proof of claim for collection of monies against the debtor. PRTC's appeal from the District Court's Judgment (Casellas, J.) affirming the order denying the proof of claim remains pending in the First Circuit. Plaintiff's argument that the Bankruptcy and District Court's rulings in the proceeding of the proof of claim are an adjudication on the merits of its claims against PRTC is without merit. On the contrary, the Bankruptcy Court <u>denied</u> plaintiff's

5

motion to adjudicate its claims for relief in the proceeding over PRTC's proof of claim, and plaintiff-debtor failed to appeal that ruling. Again, plaintiff failed to timely move to reopen the District Court's 1998 Judgment or otherwise take any action for eight years to prosecute its claims until the untimely motion to reopen in December 2006.

We stress that the Bankruptcy Court did not adjudicate the alleged claim that PRTC is "liable" for any of ACS's factual allegations. As conclusively decided by the Bankruptcy Court in a pretrial ruling, ACS is foreclosed from litigating any claim against PRTC in the underlying contested proceedings of ACS's objections to the proof of claim. See Exhibit Doc. Nos. 313, 365 in 98-07437 ESLII)("The court limited the contested matter to the objection to the proof of claim and denied without prejudice evidence on debtor's claim against PRTC"). And, ACS failed to timely pursue any such claims in the District Court.

**Applicable Law & Discussion:**

ACS disputes even the obvious: it alleges in its Reply that the Order of the District Court entered on docket in caps and bold typeface **"ORDER AND JUDGMENT,** closing this case…" is not a "Judgment". Nothing could be more plain

6

from the docket report itself. (Doc. No. 38.) The order is entered separately on the docket as a "Judgment" closing the case. It is the quintessential Judgment that complies with FRCP 54(a). (A judgment is "a decree and any order from which an appeal lies". FRCP 54(a)).

ACS argues next that the Judgment is not an adjudication on the merits as if that somehow bestows upon it a right to reopen the case eight years later without the necessity of filing a new action. Judgments dismissing actions for lack of jurisdiction, for instance, are as final as the Judgment here closing the case because the action had been removed to the Bankruptcy Court.

As discussed below, the court loses jurisdiction after a judgment becomes final. It is the finality of the judgment, not whether it is on the merits, that precludes the assertion of jurisdiction-unless the requirements of FRCP 59(e) or 60 for relief from judgment have been satisfied. Of course, ACS does not even attempt to request relief under any of the provisions of Rules 59 or 60 (admitting it does not apply), and its one-liner contention that the Judgment was a "clerical error" is unavailing.[1] See

---

[1] The court's Order and Judgment closing the case is clear for it reflects what the court deliberately intended. It is not that a clerk made a mistake in recording the court's intentions to dismiss the action. That is, the court intended to close the case, but did not retain jurisdiction, because it concluded that the case was within the

7

ACS Reply at 6-7.

Under any of the scenarios in FRCP 60, which ACS has waived by failing to invoke any such relief, the court lacks jurisdiction and there are no extraordinary circumstances warranting relief from Judgment.

### A. *The District Court lacks subject matter jurisdiction.*

Plaintiff's motion to reopen does not invoke any federal rule of civil procedure, because there is no rule that would allow the relief sought in the circumstances of this case. Because plaintiff seems to be saying that this court should not have entered Judgment because the non-core claims were later remanded, such an attack is governed solely by FRCP 59(e). Antuna v. Chase, 871 F.2d 1 (1st Cir. 1989). Further, because a Rule 59(e) motion must be filed within ten days from entry of Judgment, it is fatally late. Rule 60(b) does not apply because plaintiff does not allege any newly-discovered evidence, fraud, or a party's pardonable omission. Antuna, 871 F.2d 1. Thus, the inquiry, and plaintiff's motion, should end here.

---

Bankruptcy Court's jurisdiction. ACS says now, eight years later, that the court was wrong. The court was not wrong; but rather ACS should suffer the consequences of its own inaction by not asking the court to retain jurisdiction pending its appeal of the remand order. The distinction is important because the alleged clerical mistake here is not the type of clerical mistake that is reviewable by way of a FRCP 60(a) motion. Or, the mistake belongs to ACS not to the court. See In Re Craddock, 149 F.3d 1249, 1254 n. 4 (10th Cir. 1998)("Rule 60(a) may not be used "to correct something that was deliberately done but later discovered to be wrong").

8

Even assuming *arguendo* that Rule 60 could be invoked, it provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for one of six reasons.

In this case, the only one reason in Rule 60 which is arguably relevant would be (6) "any other reason justifying relief from the operation of the judgment." If a party invokes Rule 60(b)(6), courts have required exceptional or extraordinary circumstances. Antuna v. Chase, 871 F.2d 1 (1st Cir. 1989); Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc., 301 F.3d 54, 59 (2d Cir. 2002)(no basis to disturb a thirteen year old judgment). This case is devoid of any valid, let alone extraordinary circumstances for the delay; the lack of activity in the District Court case is due to plaintiff's conscious strategy, lack of interest or diligence.

A District Court may alter a judgment pursuant to Rule 59 or 60 of the Federal Rules of Civil Procedure, depending on the circumstances. Judgments are rarely reopened, however, even under Rule 60(b). See Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir. 1986). And, Judgments are left undisturbed when courts lack jurisdiction to reopen them.

9

In Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the Supreme Court held that that the District Court had no subject-matter jurisdiction to enforce a settlement agreement, since the Stipulation and Order entered by the lower court did not preserve jurisdiction. In short, the Court found that the lawsuit "involve[d] a claim for breach of a contract, part of the consideration for which was the dismissal of an earlier federal suit. No federal statute makes that connection…the basis for federal-court jurisdiction over the contract dispute." Thus, once the judgment had been entered, the District Court did not have jurisdiction over the enforcement of the settlement agreement.

Similarly, the First Circuit has held that a district court lacks jurisdiction over an action once the sixty (60) days the court had reserved for retaining jurisdiction expired, pursuant to the Settlement Order of Dismissal in that case. Lipman v. Dye, 294 F.3d 17, 20 (2002). In that case, the court entered judgment on or about January 25, 2000, but it was not until August 28, 2000, more than eight (8) months later, that there was any activity in the case, when plaintiff's attorney filed a Motion to Reopen Case or to Enforce Settlement Agreement. The court denied that motion and plaintiff filed no appeal from the court's

10

order. When the plaintiff sought to enforce the settlement agreement later on, the court found that "[w]ithout appeal, the court's prior Settlement Order of Dismissal became final thus barring any further attempt to reopen the case in the ordinary course." Id.

After applying Supreme Court and circuit precedent to this case, this court should conclude that it does not have jurisdiction over ACS's motion because the 1998 Judgment closing this action was not appealed within the mandatory thirty-day period, and is final.

B. *In the alternative, assuming there is jurisdiction, ACS does not meet the "reasonable time" requirement set forth by Fed. R. Civ. P. 6(b)(6).*

Even assuming, *arguendo*, that there is jurisdiction to review the Judgment, that the analysis is not governed by Rule 59(e), and finally, that ACS filed a proper Rule 60 motion (it never did), such a motion would be untimely for it was not made within a reasonable time.

Here, plaintiffs waited almost eight years to move to reopen the case. Any reasons given by ACS for having waited so long are frail, inexplicable and legally deficient. Precedent would not allow a conclusion that an eight-year delay is a "reasonable time" to wait before moving to reopen a judgment.

In Cotto v. U.S., 993 F.2d 274, 280 (1st Cir. 1993), the court found that "reasonable time", in the context of a Rule 60(b)(6) motion "depends on the circumstances", citing Sierra Club v. Secretary of the Army, 820 F.2d 513, 517 (1st Cir. 1987). "[A] reasonable time for purposes of Rule 60(b)(6) may be more or less than the one-year period established for filing motions under Rule 60(b)(1)-(3)." Id. It then found, however, that waiting sixteen months before filing a motion to vacate was unreasonable. Thus, if we apply the relevant standard set forth in Cotto to this case, an eight-year delay to reopen is patently unreasonable. See Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66-67 (1st Cir. 2003)(motion requesting relief from judgment filed over 6 years after the entry of judgment was untimely filed, especially since movants had full knowledge of what had transpired within that period of time).

Rule 60(b) is not a backdoor for an untimely appeal from a judgment. Similar to Cotto, "plaintiff [ACS] and its lawyer, figuratively speaking, played the ostrich, burying their heads in the sand and ignoring the adverse judgment. They did not ask that the dismissal be vacated so that their opposition……might be more fully considered; they did not move for reconsideration of the order; they did not

12

take an appeal; they did not seasonably seek post-judgment relief."

**Conclusion:**

Plaintiff concedes that the District Court entered a final Judgment and does not dispute that it failed to move to reopen this closed case until eight years later. Plaintiff offers no valid or credible explanation for its unreasonable delay in moving to reopen. Plaintiff was fully cognizant of both the Judgment and the circumstances that led to its issuance. Plaintiff made a strategic litigation choice not to appeal or to reopen the federal case opting to navigate instead through the warmer waters of the Bankruptcy Court though it knew that no solace would be found for the "non-core" matters-since the court of equity would not entertain those claims. Plaintiff must now suffer the consequences of its actions or omissions after doing nothing for years to pursue now what were then unmeritorious claims that are time-barred and preempted by the federal filed-rate doctrine (as the District Court's denial of the preliminary injunction must have confirmed from its finding that plaintiff was unlikely to succeed on the merits of its claims against PRTC). This case has been and should remain jurisdictionally dead.

**WHEREFORE**, PRTC requests this court to deny both plaintiffs' motion to reopen the Judgment and for leave to amend the complaint for lack of subject matter jurisdiction.

Respectfully Submitted.

In San Juan, Puerto Rico, this 14th of February 2007.

CERTIFICATION: Today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's counsel Zuleika LLovet and Jairo Mellado, Esq.

    CASELLAS ALCOVER & BURGOS, P.S.C.
Ricardo F. Casellas, Esq.
USDCT No. 203114
Counsel of Verizon Wireless
Suite 1400, Banco Popular Center
208 Ponce de Leon Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel.(787)402-0747
rcasellas@cabprlaw.com

s/Ricardo F. Casellas
USDCT No. 203114