IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| ADVANCED CELLULAR SYSTEMS, INC. | * | |
| Appellant | * | |
| vs. | * | CIVIL NO. 96-2235 (PG) |
| PUERTO RICO TELEPHONE COMPANY, CELULARES TELEFONICA DE P.R. | * | |
| Appellees | * | |

OPINION AND ORDER

### I. INTRODUCTION

This appeal comes to the Court pursuant to 28 U.S.C. § 158(a)(1) and (a)(2) which govern appeals from bankruptcy proceedings to the district courts. The Court reviews the Bankruptcy Court's conclusions of law in question de novo. See TI Federal Credit Union v. Delbonis, 72 F.3d 921, 928 (1st Cir. 1995); In re Lebrón Rosa, 196 B.R. 231, 234 (D. Puerto Rico 1996) (Pieras, J.).

### II. PROCEDURAL AND SUBSTANTIVE BACKGROUND

On October 14, 1997, Advanced Cellular Systems, Inc. ("ACS") filed a Complaint in the U.S. District Court for Puerto Rico (Civil No. 97-2511(GG)) against Puerto Rico Telephone Company ("PRTC") and Celulares Telefónica de Puerto Rico ("CT"). PRTC and CT filed a counterclaim against ACS for breach of contract in the same case.



CIVIL NO. 98-2355(JP)                    2

Subsequently, on May 29, 1998, ACS filed a petition under the provisions of Chapter 11 of the Bankruptcy Code. Accordingly and pursuant to 11 U.S.C. § 362, the case before the District Court was stayed. On June 3, 1998 and by way of a Notice of Removal, the District Court action was removed to the Bankruptcy Court as an adversary proceeding in accordance with Rules 7001(10) and 9027(a)(2)(B) of the Federal Rules of Bankruptcy Procedure.

On June 16, 1998, ACS filed a motion with the Bankruptcy Court requesting that the proceedings be considered core proceedings in accordance with Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure. The Bankruptcy Court denied this motion and noted that the fact that PRTC and CT failed to file a statement admitting or denying any allegation in the notice of removal with regards to whether a proceeding is core or non-core does not convert a proceeding in bankruptcy into a core proceeding. On July 9, 1998, 34 days after the notice of removal was filed in the District Court, PRTC and CT moved the Bankruptcy Court to remand the removed action to the District Court. The Bankruptcy Court granted the motion to remand stating that the removed action is a non-core proceeding, and  as such and as established in 28 U.S.C. § 157(c)(1), the Bankruptcy Court could not enter final orders or judgments with regards to those issues. Rather, the Bankruptcy Court could only suggest its findings of fact and conclusions of law regarding non-core issues to the

CIVIL NO. 98-2355(JP)                                3

District Court for final adjudication. The Bankruptcy Court concluded that in the interest of judicial efficiency it would remand the adversary proceeding to the District Court rather submitting its recommendations for the District Court's de novo consideration.

On July 17, 1998, ACS filed a motion requesting that the Bankruptcy Court reconsider its decision to remand the adversary proceedings. On August 12, 1998, PRTC and CT filed an opposition to ACS's motion for reconsideration. On November 17, 1998, the Bankruptcy Court denied ACS's motion for reconsideration and remanded the adversary proceeding to the District Court.

In its Complaint filed in the District Court, ACS alleges the following. In 1986, ACS and PRTC entered into a Wholesale Service Agreement granting ACS the right to resell cellular telephone numbers and services for PRTC's cellular network. As ACS grew, PRTC, which is a facilities-based carrier, made a concerted effort with its department and/or affiliate CT to become a competitor to its resellers, such as ACS, for retail cellular users in Puerto Rico. PRTC and CT engaged in an effort to eliminate competition in the cellular market in Puerto Rico by setting unfair and unjust pricing, tariffs, and rates and engaging in unfair practices which adversely affected the competition process and ACS's business. The tariffs that PRTC and CT's retailers such as ACS could offer to the public were not as competitive as those PRTC and CT offered directly to

AO 72A
(Rev.8/82)

CIVIL NO. 98-2355(JP)                4

their retail consumers. By eliminating the "middleman," PRTC and CT started to offer better rates to its retail customers than those that its resellers could offer. ACS alleged that these acts violated the Federal Communications Act of 1934, the Federal Communications Commission Rules and Regulations, the Sherman Act, Clayton Act, the Robinson-Patman Price Discrimination Act, and the Puerto Rico Anti-Monopoly Act, and further brought common law and state tort claims. This Complaint preceded the bankruptcy petition ACS filed in May 1998. In turn, PRTC and CT filed a counterclaim alleging that ACS defaulted on the payments established in the Wholesale Service Agreement.

III. DISCUSSION

ACS states that the Bankruptcy Court erred in remanding the adversary proceeding to the District Court because PRTC and CT's motion seeking such relief was untimely in light of the 30 day limit set by 28 U.S.C. § 1447(c) to seek remand after removal. In view of this belatedness, ACS concludes that the Bankruptcy Court could not rule on PRTC and CT's motion favorably. The Court finds that ACS's reliance on section 1447(c) as being the governing provision for motions to remand in bankruptcy cases is inapposite. Section 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal *under section*

CIVIL NO. 98-2355(JP)                    5

*1446(a)*." 28 U.S.C. § 1447(c) (emphasis added). Section 1446(a) of Title 28 of the U.S. Code addresses the procedure for removal for a "defendant or defendants desiring to remove any civil action . . . from a State court [to federal court]." 28 U.S.C. § 1446(a). Because the removal to the bankruptcy court was made from the District Court, not state court, it is 28 U.S.C. § 1452(b) and Rule 9027(d) of the Federal Rules of Bankruptcy Procedure that govern PRTC and CT's motion to remand. Section 1452 addresses the "[r]emoval of claims related to bankruptcy cases" and Rule 9027(d) deals with a remand after a case has been removed to the bankruptcy court. Neither of these sections sets a time limit for the filing of a motion to remand and ACS has failed to cite any case law which suggests otherwise. In view of the above, the Court finds that the Bankruptcy Court did not err in considering PRTC and CT's motion to remand as it was not untimely.

Further, ACS argues that the Bankruptcy Court erred in determining that the claims that had been removed from the District Court were non-core and in remanding the same. Bankruptcy courts have a broad range of discretion in ruling on motions to remand and may grant them for those cases not properly before them on any equitable ground. See *In re Ramada Inn-Paragould General Partnership*, 138 B.R. 63, 65 (Bankr. E.D. Ark. 1992). In making this determination whether or not to remand, the Bankruptcy Court may

CIVIL NO. 98-2355(JP)                         6

consider the degree of relatedness of the proceeding in question to the bankruptcy case. See In re Olympia Holding Corp., 215 B.R. 254, 256 (Bankr. M.D. Fl. 1997). Within this analysis of relatedness, the Court may consider whether the claims in question are core or non-core proceedings. See In re AK Services, Inc., 159 B.R. 76, 80 (Bankr. D. Mass. 1993).

Bankruptcy Courts are "empowered to hear and decide 'all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11.'" In re Candelero Sand & Gravel, Inc., 66 B.R. 903, 905 (D. Puerto Rico 1986) (citing 28 U.S.C. § 157(b)). The Bankruptcy Court's jurisdiction is "strictly circumscribed by statutory mandate to encompass only core proceedings." Id. (citing In re American Energy, Inc., 50 B.R. 175, 178 (D.N.D. 1985). Although bankruptcy courts may consider non-core issues, they cannot dispose of them through final orders and judgments, but rather can only recommend findings of fact and conclusions of law to the district court which shall consider those recommendations de novo. See 28 U.S.C. § 157(c)(1).

In general terms, core proceedings are those which arise under the Bankruptcy Code. See In re Dr. C. Huff Co., 44 B.R. 129, 134 (Bankr. W.D. Ky. 1984). Core proceedings have been described as those which arise from the operation of the Bankruptcy Code and would not exist outside of a bankruptcy proceeding. See In re STN

CIVIL NO. 98-2355(JP)                        7

Enterprises, Inc., 73 B.R. 470, 481 (Bankr. D. Vt. 1987). Therefore, non-core proceedings are matters which arise under non-bankruptcy law in a bankruptcy proceeding merely because of the fact that one of the parties is a debtor in a bankruptcy case.

An important element which supports the conclusion that a claim is non-core is if the claim in question was brought before the bankruptcy petition was filed. See Beard v. Braunstein, 914 F.2d 434, 444-45 (3d Cir. 1990); In re Donington, Karcher, Salmond, Ronan & Rainone, P.A., 194 B.R. 750, 758 (D.N.J. 1996). In the instant case, the removed claims were filed before the bankruptcy petition and the analysis required for their adjudication does not arise from the Bankruptcy Code. The claims in the complaint were brought under federal antitrust and local anti-competition statutes, which do not arise as part of title 11, but represent federal and state substantive law. Even if the adjudication of the remanded claims affected the assets of the bankruptcy estate, the claims are matters "which, but for the intervention of bankruptcy, could have been brought in [federal court]." In re Cendelero Sand & Gravel, Inc., 66 B.R. at 906 (citing In re Bokum Resources Corp., 49 B.R. 854, 866 (D.N.M. 1985)). In this way, the Court agrees with the Bankruptcy Court's determination that the claims to be remanded were non-core proceedings.

CIVIL NO. 98-2355(JP)                    8

Further, remanding the claims to the District Court would result in a more efficient use of judicial resources. Had the Bankruptcy Court done otherwise, it would have had to submit proposed findings of fact and conclusions of law to the District Court which would have to review them de novo. In this sense, it would have been duplicative to keep the non-core claims. See 28 U.S.C. § 157(c)(1). Therefore, because the claims in question were non-core proceedings and because it would have been judicially inefficient for the Bankruptcy Court to keep the matters, it was within the Bankruptcy Court's power to remand the case to the District Court.

Finally, the Court finds that the counterclaim filed by PRTC and CT against ACS for breach of contract was properly remanded. Even if PRTC and CT consented to core jurisdiction by filing a proof of claim in the bankruptcy proceeding predicated on its breach of contract counterclaim as suggested by ACS, 28 U.S.C. § 157(d) requires withdrawal of proceedings from a bankruptcy judge if the resolution of the proceedings requires substantial consideration of core and non-core proceedings. See In re Contemporary Lithographers, Inc., 127 B.R. 122 (M.D.N.C. 1991); see also In re Blackman, 55 B.R. 437 (Bankr. D.D.C. 1985) (when a proceeding is part core and part non-core, the bankruptcy court determines whether the core proceeding heavily predominates and the non-core issues are insignificant). As stated above, an adjudication of the claims filed by ACS require the

CIVIL NO. 98-2355(JP)                                  9

substantial consideration of non-bankruptcy matters. Therefore, the Bankruptcy Court correctly remanded the removed proceedings to the District Court. Furthermore, the counterclaim for breach of contract was filed pre-bankruptcy petition, a significant factor which supports a finding that the claim is non-core. See In re Sarasota Casual, Inc., 90 B.R. 496 (Bankr. M.D. Fla. 1988).

In view of the above, the Court hereby AFFIRMS the Bankruptcy Court's determination to remand the removed claims and hereby DISMISSES the above-captioned appeal.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March, 2000.

                                        JAIME PIERAS, JR.
                                   UNITED STATES DISTRICT JUDGE