IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>   Plaintiff<br><br>   v.<br><br>PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFONICA<br><br>   Defendants | Civil No. 97-2511 (JAF)<br><br>Civil Action: Antitrust Laws; Discriminatory Pricing; Breach of Contract; Tort; Collection of Monies<br><br>Jury Trial Demanded |

**ACS' SUPPLEMENTAL MEMORANDUM IN REPLY TO PRTC'S SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *ACS' REQUEST FOR AUTHORIZATION TO AMEND COMPLAINT*

TO THE HONORABLE COURT:

Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays as follows:

**I.** *Introduction*

PRTC's allegation that the case of caption was dismissed on November 1998 through a final judgment is not raised in earnest. No final judgment exists. The case of caption was originally stayed under the bankruptcy court's automatic stay.[1] An order from the bankruptcy court[2] - sustained on appeal[3] - confirmed that the proceedings were stayed.

However, the case at bar has also been administratively stayed from the date of the removal from the district court to the bankruptcy court because the case - although officially remanded through order - remained wedged between the bankruptcy court and the district court

---

[1] 11 U.S.C. §362(a).
[2] Docket 245 case number 98-7437.
[3] 00-2172 (JAF),

due to a clerical error. Notwithstanding, no prejudice was caused by this clerical oversight. This situation merely reinforced the stay that the case was under per 11 U.S.C. §362(a)

In the meantime, in bankruptcy the parties litigated ACS' objection to PRTC's proof of claim at length – a claim which mirrors PRTC's stayed counterclaim in the case of caption. ACS prevailed in bankruptcy and on appeal at the USCD-PR. Pending is the final resolution of the First Circuit Court.

The litigation of ACS's objection to the proof of claim is almost at an end. Therefore, ACS seeks the re-opening of the instant case and the amendment of the original complaint.

## II.   *Procedural History*

This Honorable Court evaluated the procedural facts of the instant case in an earlier but related opinion on March 30th, 2001 - In re: Advanced Cellular Systems, Inc.; *PRTC et als* v. *Advanced Cellular* 00-2172 (JAF).[4] We cite at length from the procedural facts depicted on said case:

> "On October 14, 1997, Appellee Advanced Cellular filed a suit in federal district court against Appellants PRTC and Celulares Telefónica for, inter alia, alleged discriminatory pricing and violations of federal and state antitrust law. Appellant PRTC subsequently filed a counterclaim against Appellee Advanced Cellular on December 1, 1997, for collection of monies allegedly owed. On May 29, 1998, Appellee Advanced Cellular and its affiliate, Advanced Paging Systems Corporation, filed a petition pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-74 (1988). ***Appellants assert that pursuant to 11 U.S.C. § 362(a) (1988), the civil action was stayed upon the commencement of the bankruptcy proceedings***.
>
> ***On June 3, 1998, Appellee Advanced Cellular removed the district court action to the bankruptcy court as an adversarial proceeding*** pursuant to Fed.R.Bankr.P. 7001(10) and Fed.R.Bankr.P. 9027(a)(2)(B). Approximately two weeks later, Appellee Advanced Cellular moved, pursuant to Fed.R.Bankr.P. 9027(e)(3), to have the bankruptcy court classify the proceedings as core. The bankruptcy court denied the motion on or about July 6, 1998.
>
> On July 9, 1998, Appellants moved to remand the bankruptcy proceeding back to the district court. The bankruptcy court granted the motion and remanded the proceedings back to the federal district court on November 11, 1998. On November 25, 1998, Appellee

---

[4] 262 BR 10 (2001).

Advanced Cellular appealed the remand. *On March 29, 2000, the federal district court affirmed the bankruptcy court's order remanding the proceeding to the district court* and dismissed Appellee Advanced Cellular's appeal.

Before the remand to the district court, on September 16, 1998, Appellants filed with the bankruptcy court a Proof of Claim in the amount of $1,655,391.96. This amount equals the total claimed by Appellants in their December 1, 1997 counterclaim for collection of monies. On December 23, 1998, Appellee Advanced Cellular filed an objection to the Proof of Claim on the ground that PRTC allegedly had failed to provide sufficient evidence to support its claim.

After extensive discovery by the parties, the bankruptcy court held on June 1, 2000, that it would continue to adjudicate the Proof of Claim filed by Appellants, and, *consequently, the counterclaim was stayed at the district court pursuant to 11 U.S.C.§362*.

On July 6, 2000, Appellants filed a Notice of Appeal of the bankruptcy court's June 1, 2000 decision on the ground that the decision is inconsistent with the district court's March 29, 2000 Opinion and Order. Appellants seek to enjoin the bankruptcy court from proceeding further with the Proof of Claim adjudication, and *they also seek to consolidate the entire bankruptcy proceeding at the district court.*" (Emphasis added).

This opinion dismissed PRTC's appeal. Thereby effectively confirming bankruptcy inasmuch as the counterclaim filed by PRTC in the case of caption remained stayed.[5]

### III.   *Procedure leading up to the current controversy*

In the meantime, what happened in the case of caption during the six years between the district court's order remanding the case - on March 29th, 2000 (98-2355(JP)) - and when ACS filed the *Informative Motion* on April, 27th 2006? [6]

---

[5] "ORDER: The Court makes the following findings, 1. the complaint filed by the debtor is a non-core and has been remanded to the District Court. 2. *the counterclaim by PRTC is a collection of monies action against the debtor and is premised on the same facts as the proof of claim; 3. the counterclaim in the District Court is stayed by 11 USC 362[a]. 4. the objection to claim is a core matter to be adjudicated by this court.* The Court will proceed with the objection to claim. The confirmation hearing is continued without a date pending a decision on the objection to claim. The court requests a transcript in support of its findings and conclusions. Regarding the discovery on the objection to claim the court orders that debtor provide the evidence or the basis of its allegations of the fraud claims. A detailed exposition of the court's ruling is in the attached transcript, pages 32-60. The parties are granted 60 days to conclude discovery. A pretrial will be scheduled within 90 days in a separate order." (Emphasis added). **See Docket 245** of US Bankruptcy case number 98-7437.

[6] Docket 41.

3

The parties focused their attention on ACS' objection to PRTC's proof of claim in bankruptcy court – a claim premised on the same facts of the counterclaim filed by PRTC in the case of caption.[7]  A counterclaim that had been stayed by order of the bankruptcy court;[8] and a counterclaim intertwined with the allegations of the original complaint in the case of caption.[9] During said years the objection to the proof of claim was litigated to exhaustion.  The bankruptcy court denied the proof of claim,[10] the district court affirmed and the matter has been argued and submitted before the Court of Appeals for the First Circuit.

Finally, ACS filed an Informative Motion with this Honorable Court on April 27th, 2006.  Thereafter on December 21st, 2006 ACS filed a *Motion Requesting Authorization to Amend the Original Complaint* - in light of ACS' objection to PRTC's proof of claim in bankruptcy and on appeal at the district court.[11]  PRTC opposed said request to amend with a short motion – which also requested an extension of time to file a memorandum in support thereof.[12]  ACS briefly replied to PRTC's short response in opposition to the request for authorization to amend the complaint.[13]  In conclusion, PRTC filed its *Memorandum in Support* to its Opposition to ACS' request to amend the

---

[7] See the beginning of the paragraph before last of the procedural facts of this Honorable Court's opinion in 00-2172(JAF): "Before the remand to the district court, on September 16, 1998, Appellants filed with the bankruptcy court a Proof of Claim in the amount of $1,655,391.96. This amount equals the total claimed by Appellants in their December 1, 1997 counterclaim for collection of monies.  On December 23, 1998, Appellee Advanced Cellular filed an objection to the Proof of Claim on the ground that PRTC allegedly had failed to provide sufficient evidence to support its claim."
[8] See Docket 245 of the U.S. Bankruptcy Court; case number 98-7437.
[9] In the case of caption PRTC engaged in anticompetitive practices devised to shut ACS down.  As part of said efforts and as established before the bankruptcy court, PRTC and Celulares Telefónica were grossly negligent in managing ACS' accounts and its own cellular network.
[10] Opinion and Order dated March 19th, 2002; case number 98-07437 - Docket 368.  Affirmed on January 9th, 2006 in case number 02-1908 - Docket 29.
[11] Docket 43.
[12] Docket 44, filed on January 3rd, 2007.
[13] Docket 47 filed on January 23rd, 2007.

complaint.[14] ACS hereby responds to said memorandum with this supplemental memorandum in reply.

IV.     *Supplemental discussion*

Defendants oppose ACS' request that the case be re-opened – or released from its current administrative stay - and that the complaint be amended. The gist of PRTC's argument is that this Honorable Court issued a final judgment against ACS – a judgment dismissing the case back on November 10, 1998.[15]

Under this alternate version of the facts, time elapsed and the judgment became final. PRTC completes the detour from the true facts of the case by arguing that under such circumstances ACS should be proposing, either that this court alter or amend the judgment (Rule 59(e) Fed.R.Civ.P) or that it be released from such judgment (Rule 60 Fed.R.Civ.P). PRTC then continues the soliloquy by stating that ACS cannot be released from and that the final judgment cannot be amended or altered under these circumstances – and inks in the case law under said rules to buttress the point. Finally, defendants counsel ACS; they state that ACS should have appealed the final judgment in 1998 - but didn't.[16]

With all due respect, PRTC's argument disengaged itself from the true facts and circumstances of this case in order to reach the conclusions it desired. The case at bar has remained stayed while the parties litigate ACS' objection to PRTC's proof of claim. Moreover, no judgment dismissing the case of caption has been issued by this Honorable Court. Therefore, ACS does not

---

[14] Docket 52 filed on February 14, 2007.
[15] See docket 52 at page 3, last paragraph.
[16] See docket 52 at page 13 under the section entitled "conclusion."

concede that this Honorable Court issued a final judgment dismissing the instant case in 1998, but that it merely closed the case for administrative purposes.[17]

The "Order and Judgment" literally states that the court is "closing this case as it has been removed to the U.S. Bankruptcy Court."[18] No reference is made to a *dismissal*, but to a change of venue as a consequence of the *Notice of Removal* filed by ACS.[19] Therefore, it is imperative to first review the effect of the removal and the remand at issue.

    *A.*    *The jurisdiction of this Honorable Court remained dormant after the removal.*

PRTC argues that the removal of the case to bankruptcy and the "Order and Judgment" closing the case had the effect – not only of closing, but also - of dismissing the instant case per Rule 54(a) Fed.R.Civ.P. It argues that the district court lost subject matter jurisdiction the moment the case was closed and the time to appeal elapsed.

In the first place, a strict reading of the letter of said order and judgment does not reveal any such "dismissal." Therefore, PRTC forcefully penned the dismissal into the order through its own interpretation. However, such interpretation is devoid of any authority. PRTC does not cite any case law to reveal how the order closing the case can be translated into a dismissal. PRTC merely presents a conclusory allegation claiming that under Fed.R.Civ.P. 54(a) the order and judgment must be a dismissal.[20]

---

[17] PRTC in turn misrepresents to this Honorable Court that ACS conceded that a final and appealable judgment was issued by this Honorable Court dismissing the case. See Docket 52 page 13, first sentence of the section entitled Conclusion.
[18] Docket 38.
[19] Docket 36.
[20] See PRTC's motion - Docket 52 - last paragraph at page 3.

6

However, it is settled law that when a case is removed from a state court to federal court the state court's jurisdiction does not vanish. The jurisdiction is suspended; the jurisdiction remains dormant pending the federal court's determination.

> "We turn to the effect upon the jurisdiction of a state court of an order removing an action to the Federal court and of its subsequent remand to the state court. *An order remanding an action to the Federal court does not absolutely divest the state court of its jurisdiction **but merely suspends or holds that jurisdiction in abeyance** either until the action is terminated in the Federal court or until the latter court remands the action to the state court; and in the event of a remand, **the state court's continuous, though dormant, jurisdiction is revived** and such court then proceeds to a final determination of the action in the exercise of its continuing original jurisdiction which was acquired when the action was originally commenced*. It is well settled that jurisdiction once acquired by a state court is continuous though the case has been removed to the United States District Court and later remanded to the state court. The basic correctness of this rule becomes at once apparent if it is borne in mind that the order removing an action to a Federal court does not terminate the state court's jurisdiction *But merely stays or interrupts proceedings in that court pending a disposal of the action by the Federal court. The effect of an order remanding is not to invest the state court with a new jurisdiction but merely to revive a jurisdiction previously acquired but held in abeyance.* These principles are so thoroughly settled that a lengthy discussion of them is unnecessary. We therefore hold that the jurisdiction acquired by the Minnesota district court on June 6, 1951, when the summons and complaint were served upon defendant Harold L. Warner, is a continuous jurisdiction which has never been terminated, though the exercise of it has been temporarily stayed or interrupted, and that the orders of said court entered after the remand were made in the exercise of that continuous jurisdiction."[21] (Emphasis added).

The case at bar was removed from this Honorable Court – 97-2511(GG) now (JAF) – to bankruptcy. Hence the removal statute at issue is section 1452 of the Judicial Code[22] – not 28 U.S.C. § 1441 as in the case cited above. However, a removal under section 1452 and a removal under section 1441 have the same effect.[23] A case removed from the federal district to the bankruptcy court does not wipe away the district court's jurisdiction but holds it in abeyance. This is especially so because the bankruptcy court is technically a unit of the district court.

---

[21] ***Doerr v. Warner***, 247 Minn. 98, 76 N.W.2d 505 (MINN 1956).

[22] 28 U.S.C. §1452.

[23] "The district court's pervasive jurisdiction over bankruptcy matters is complemented by section 1452 of the Judicial Code, which authorizes the removal of bankruptcy related claims to the district court. Once removed, the claims are automatically referred by the district court to the bankruptcy court for determination if a general order of reference is in effect." Commercial Bankruptcy Litigation § 2:11

> "A number of courts have ruled that, either because the bankruptcy court is technically a unit of the district court under 28 U.S.C.A. § 151 or because the district courts have delegated their bankruptcy powers to the bankruptcy courts under 28 U.S.C.A. § 157, removal of nonbankruptcy cases or claims directly to the bankruptcy courts is proper under 28 U.S.C.A. § 1452(a)."[24]

Thus, the jurisdiction of this Honorable Court in the instant case has remained dormant since the removal was effected and the case was closed on November 6th, 1998 – the case was not dismissed.

    B.    *ACS should have appealed the order closing the case – issued as a result of the removal to bankruptcy?*

The order closing the case did not deprive this Honorable Court of jurisdiction. However, PRTC further argues that the order and judgment was an appealable judgment - which ACS should have appealed in 1998 but did not and hence became a final judgment.

The order closing the case was a direct consequence of the *Notice of Removal* filed by ACS. The court closed the case because ACS filed for removal. And yet PRTC argues that ACS should have appealed said order? To ask ACS to appeal an order that essentially grants or rather acquiesces to the removal is asking that a party appeal an order consistent with what it requested. PRTC's proposition is clearly incongruous.

The order and judgment closing the case was not an appealable judgment because it was an interlocutory order. The district court did not make any final disposition of the case which could have been executed. The order was merely the result of the removal of the instant case to bankruptcy; an order which merely transferred the case to another forum.[25]

---

[24] 1 Norton Bankr. L. & Prac. 2d § 7:1

[25] Moreover, PRTC's *Supplemental Memorandum* (Docket 52) neglects to address the authorities cited by ACS in its brief reply regarding the fact that the Order and Judgment at issue was not a final decision dismissing the case. That is, orders granting or denying the transfer of a case under the pertinent statutes are not appealable because they do not end the case. "*As a general rule, orders granting or denying transfer under any of the transfer statutes*, Section 1404 (transfer of action

" Generally, orders of the district courts are appealable only if they are final orders. *See* 28 U.S.C. § 1291; *Murphy v. Reid,* 332 F.3d 82, 83 (2d Cir.2003). An order is "final" within the meaning of section 1291 if it *"ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). This Court has repeatedly held that *transfer orders are not appealable* because they are interlocutory rather than final orders. *Michael v. INS,* 48 F.3d 657 (2d Cir.1995) (transfer pursuant to 28 U.S.C. § 1406(a) is an interlocutory order); *SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 176 (2d Cir.2000) (a "transfer order is an interlocutory order that is not immediately reviewable by appeal")."[26] (Emphasis added).

The order and judgment closing the case was not final and did not end the litigation. If the order had been final the litigation in this case would have ended as soon as the order was issued and the time to appeal elapsed. However, the parties continued litigating in bankruptcy – under case number 98-7437 - then continued on appeal in district court - in case 98-2355(JP). It was at this point that the case became wedged between the bankruptcy and the district court because of an administrative oversight.[27] However, this situation did not change the fact that the instant litigation had remained stayed per order of the bankruptcy court.[28] This administrative oversight merely reinforced the stay of the proceedings that occurred per 11 U.S.C. §362(a).

    C.    *PRTC proposes contradictory and mutually exclusive versions of the facts at different stages of this litigation.*

Today, PRTC pledges to this Honorable Court that the instant case was dismissed on

---

case from one proper venue to another for convenience), Section 1406 (transferring case in which venue improperly laid), or Section 1631 (transfer when subject matter jurisdiction, or in some courts, personal jurisdiction, is lacking), *are not immediately appealable because ordinarily these orders do not end the litigation.* Thus, they are not "final decisions" for the purpose of appellate jurisdiction." 17-111 Moore's Federal Practice - Civil § 111.60 (Emphasis added).

[26] **Cruz v. Ridge,** 383 F.3d 62 (C.A.2 (N.Y.), 2004).

[27] PRTC misrepresents ACS' arguments under footnote 1 of its supplemental memorandum in reply – docket 52. There, PRTC argues that ACS pins the mistake on the recording of the order and judgment of November 6th, 1998. This is not what ACS has been proposing. ACS proposes that the mistake arose after the order closing the case. The mistake arose after the district court issued the opinion and order in case number 98-2355(JP) on appeal from an order of the bankruptcy court. It was after said order was issued that the case became wedged between the office of the clerk of the bankruptcy court and the office of the clerk of the USDC-PR.

[28] See the bankruptcy court's order – under case number 98-7437 – finding that: "…3. the counterclaim in the District Court is stayed by 11 USC 362[a]. …". Docket 245.

November 6th, 1998 - by an order and judgment.[29]  However, earlier in a related case, PRTC was presenting a different and contrary version of the facts.  In case 00-2172 (JAF) PRTC asserted that *that pursuant to 11 U.S.C. § 362(a) (1988), the civil action was stayed upon the commencement of the bankruptcy proceedings*.  Moreover, in said case PRTC sought to consolidate ACS' objection to PRTC's proof of claim with the proceedings of caption.  It sought to consolidate the "entire bankruptcy proceeding at the district court."[30]

Therefore, the two (2) versions presented by PRTC are at odds.  If the case of caption had been dismissed on November 6th, 1998 – as it argues today – why on March of 2000 was PRTC requesting that the bankruptcy case be consolidated with the case of caption?  Was PRTC arguing then that ACS' objection to the proof of claim be consolidated with a case that had been dismissed two years earlier?  Clearly not.  PRTC originally argued in bankruptcy court - case 98-7437 – and in district court – 98-2355(JP) – that the case of caption had been stayed per the bankruptcy code's automatic stay and argued for consolidation because it knew that the case of caption had not been dismissed - but remained suspended.  PRTC is prevented from presenting mutually exclusive and contradictory versions of the facts of the instant litigation.  Only one version of the facts is true: the case of caption has remained stayed and dormant pending the resolution of ACS' objection to PRTC's proof of claim.

V.   *Conclusion*

No final judgment dismissing the case of caption has been issued.  Therefore, it is as immaterial to discuss PRTC's citations under Rules 59(e) and 60 - as it would be immaterial to discuss the Rules of Civil Procedure for the Court of First Instance of Puerto Rico.  These rules are

---

[29] Docket 38 of the instant case.
[30] Section entitled Procedural facts in the Opinion and Order issued in case 00-2172 (JAF).

10

inapplicable for they presuppose that a final judgment on the merits and dismissing the case has been issued. Hence this Honorable Court does not lack subject matter jurisdiction.

As evidenced in the discussion of this motion PRTC's argument misconstrues the facts of the case to reach the conclusions it desires. Its argument that the case has been dismissed through a final judgment on November 6th, 1998 is not presented in earnest. This is substantiated by the fact that earlier in the case PRTC admitted that it had been stayed per 11 U.S.C. §362(a). Therefore, today it cannot seriously argue that the case had been dismissed all along.

**WHEREFORE** ACS respectfully requests that this Honorable Court deny PRTC's opposition and supplemental opposition to its request to file an amended complaint and for the opening or continuance of the case of caption, and allow ACS' amendment of the complaint to include the new causes of action that have arisen during the litigation of the instant case.

I hereby certify that on March 5th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila and Zuleika Llovet-Zurinaga, Esq.

In San Juan, Puerto Rico, this 5th day of March 2007.

> s/ Jairo Mellado-Villarreal
> Jairo Mellado-Villarreal, 208112
> Attorney for plaintiff Advanced Cellular Systems
> MELLADO & MELLADO-VILLARREAL
> 165 Ponce de León Ave., Suite 202
> San Juan, Puerto Rico  00917-1233
> Tel. 787-767-2600/Fax 787-767-2645
> E-mail jmellado@mellado.com