

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

### MINUTES OF PROCEEDINGS

**Case Number:** 98-07437-ESL        **Chapter:** 11
**Debtor:** ADVANCED CELLULAR SYSTEMS, INC.
**Bankruptcy Judge:** ENRIQUE S. LAMOUTTE
**Courtroom Clerk:** EVANGELINA MENDEZ
**Reporter / ECR:** IRIS BORRES
**Hearing Room:** 490
**Date / Time:** THURSDAY, JUNE 01, 2000   10:00 am

**SUBJECT:**  1) CHAPTER 11 Confirmation of Plan dated 04-30-99

2) CONSOLIDATED WITH 98-07438 ADVANCED PAGING SYSTEMS, INC.

3) MOTION by P.R. Telephonce Co. to compel discovery pursuant to Fed. R. Civ. P. 37(a) and opposition to debtor's request for protective order
R/M #: 218/0

4) DEBTOR'S reply and reaffirmation of request for protective order
R/M #: 222/0

5) OPPOSITION to approval of proposed chapter 11 plan and request for dismissal filed by P.R. Telephone Co.
R/M #: 166/0

6) OPPOSITION to approval of proposed chapter 11 plan and request for dismissal filed by P.R. Telephone Co. and

Celulalers Telefonica, Inc.
R/M #: 166/0

7) DEBTORS' request for protective order

8) MOTION by PRTC to compel discovery and opposition to request for protective order
R/M #: 218/0

9) DEBTORS' reply and reaffirmation of request for protective order
R/M #: 218/0

10) DEBTORS' answer to PRTC's motion requesting status conference and request for continuance of confirmation hearing
R/M #: 233/0

11) DEBTORS' answer to PRTC's oppositient to approval of proposed plan and request for dismissal
R/M #: 234/0

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF PUERTO RICO

### MINUTES OF PROCEEDINGS

(con't)...98-07437-ESL   THURSDAY, JUNE 01, 2000  10:00 am

**APPEARANCES:**

CARMEN CONDE, ATTORNEY FOR DEBTOR
MARIA DE LOS A. GONZALEZ, ATTORNEY FOR U.S. TRUSTEE
FERNANDO VAN DERDYS, ATTORNEY FOR P.R. TELEPHONE CO., CELULARES TELEFONICA
RICARDO CASELLAS, ATTORNEY FOR P.R. TELEPHONE CO., CELULARES TELEFONICA
MIGDALIA GUASP, ATTORNEY FOR BANCO POPULAR DE P.R.
MARIANA NEGRON, ATTORNEY FOR CELLULAR ONE
JOSE LAZARO PAOLI, ATTORNEY FOR DESARROLLADORA PILOTO, SE

**PROCEEDINGS:**

ORDER   E.O.D   JUN 2 6 2000

The Court makes the following findings: 1- the complaint filed by the
debtor is non-core and has been remanded to the District Court, 2- the
counterclaim by the PRTC is a collection of monies action against the
debtor and is premised on the same facts as the proof of claim;  3- the
counterclaim in the District Court is stayed by 11 USC 362(a), 4- the
objection to claim is a core matter to be adjudicated by this Court.  The
Court will proceed with the objection to claim. The confirmation hearing
is continued without a date pending a decision on the objection to claim.
The Court requests a transcript in support of its findings and
conclusions.

Regarding the discovery on the objection to claim the Court orders that
debtor provide the evidence or the basis of its allegations of the fraud
claims.  A detailed exposition of the Court's ruling is in the attached
transcript, pages 32-60.

The parties are granted 60 days to conclude discovery.  A pretrial will be
scheduled within ninety (90) days in a separate order.

SO ORDERED.

ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

cc: Debtor
M. Lecaroz
C. Conde
M. Gonzalez (UST)
F. Van Derdys
M. Guasp
M. Negron
R. Casellas
J. Lazaro
J/O P

JUN 2 7 2000

1    related to the discovery to the other party, but our

2    discovery, our motion to compel, our legitimate

3    interrogatory which has not been answered by delaying

4    tactics of the Debtor.

5         And I take it that's the sole issue of this

6    Court.   A motion to compel and the frivolous objections

7    that have been lodged by the other side.

8         Your Honor, with that said I would defer to my

9    brother counsel.

10        THE COURT:      My question was, having decided

11   that the objection to claim is a core matter.   That I will

12   entertain the counterclaim filed by Puerto Rico Telephone

13   Company in the District Court action is stayed and since I

14   have pending motions concerning discovery, I re-ask the

15   question.

16        What is the status of discovery, on both sides?

17        MR. VAN DERDYS:      For the record, Your Honor,

18   discovery has been ongoing between the parties.   It was...

19   it was substantially advanced.

20        However, there was a transfer of the operations

21   of Puerto Rico Telephone Company to another building.

22   Meanwhile, we have the intervening Opinion and Order by the

23   U.S. District Judge which was addressed today.

24        And we have developed or we have agreed at least.

25   in the way of the examination of the evidence.   I believe

1    that sister counsel just stated that it was arranged...

2              THE COURT:       Is that... is that your position?

3    Is that the status of discovery according to you?

4              MR. VAN DERDYS:       There is pending... well,

5    concerning the Debtor's discovery request to Puerto Rico

6    Telephone Company.

7              THE COURT:       Okay.

8              MR. VAN DERDYS:       However, there is pending

9    their response to our discovery request, Your Honor, which

10   has been the subject of a couple of motions which are

11   pending before the consideration of the Court, Your

12   Honor.

13             THE COURT:       Okay.

14             What is the Debtor's reply to that?

15             MS. CONDE:       The position of the Debtor

16   regarding the discovery filed by PRTC and/or Debtor's reply

17   and reaffirmation and request for a protective order, the

18   position of the Debtor is that the discovery commenced 14

19   months after all this matter started, it's late.

20             But other than late what Puerto Rico Telephone

21   Company is trying to do is to shift the burden of their

22   proof of claim on the Debtor and requesting the Debtor to

23   provide the information to sustain their claim.

24             THE COURT:       Okay.

25             What information is being requested by Puerto

34

1   Rico Telephone Company from the Debtor that the Debtor has

2   not produced?

3            MS. CONDE:      I will address each one of the

4   statements individually.

5            Okay.    The Debtor... the Puerto Rico Telephone

6   Company in its interrogatory, Interrogatory #7, requests

7   Advanced to provide evidence or the basis of its

8   allegations of fraud claims.

9            All that information is in the possession of

10  Advanced... of Puerto Rico Telephone Company because are

11  the fraud claims that were requested and filed since 1993

12  to 1996.

13           THE COURT:      Is that a claim that the Debtor

14  made against or to the Puerto Rico Telephone Company?

15           MS. CONDE:      We have not filed any claim

16  against them because we are waiting to see through

17  discovery...

18           THE COURT:      You must have filed a claim

19  against Puerto Rico Telephone Company for fraud claims to

20  be deducted.

21           Otherwise, we would not have an issue before the

22  Court.   So, the Debtor must have submitted to Puerto Rico

23  Telephone Company a request that fraud claims be reduced

24  from the balance.

25           And I guess that is what is being requested.

1    What is it that you requested?

2              MS. CONDE:        Okay.

3              Through...

4              THE COURT:        So... because that establishes

5    your basis and the timing and when you get the timing they

6    can find perhaps the correlation as to what they did with

7    it.

8              MS. CONDE:        Okay.

9              THE COURT:        Did or didn't do.

10             MR. VAN DERDYS:        Your Honor, if I may for the

11   record?

12             Your Honor may recall that at the last hearing

13   before this Court on questioning by the Court itself the

14   Debtor was unable to respond to certain amounts that were

15   claimed by them.

16             And that's why...

17             THE COURT:        So, why isn't that evidence that

18   should be produced when your very basis to the objection to

19   the proof of claim is that those items were not properly

20   deducted from the balance indicated by Puerto Rico

21   Telephone Company in the proof of claim?

22             MS. CONDE:        It's not that we do not want to

23   produce them.   It's that they have them.   They have them

24   and throughout our discovery...

25             THE COURT:        Okay.

1    My ruling is that they have to be produced.

2    MS. CONDE:    We will produce them.

3    THE COURT:    Because they are relevant.  They

4  go to the issue of your objection, not only as to amounts

5  but also as to the time they were submitted that would

6  place both parties in a position to determine how they were

7  or were not credited.

8    MS. CONDE:    Well, our objection was as just

9  stated but if your ruling is that we have to produce

10  them...

11    THE COURT:    Yes.

12    MS. CONDE:    ... we will produce them, copy of

13  the same letters that they have.

14    Okay.    Produce copy of all contracts, including

15  attachment or supporting documents between Advanced and

16  Puerto Rico Telephone.

17    THE COURT:    Well, what is... is the issue of

18  a contract... I mean, what does it have to do with the

19  proof of claim, the contract between the parties?

20    MR. VAN DERDYS:    Your Honor, those are... the

21  contracts between the parties?

22    THE COURT:    Yes.

23    MR. VAN DERDYS:    The basis of the contractual

24  relationship, the contracts...

25    THE COURT:    Is there any difference between

1    the set of contracts that you have and the set of contracts

2    that the Debtor's referring to?

3          MR. VAN DERDYS:        I...

4          THE COURT:      I guess if you entered a contract

5    both parties would have a copy of it, right?

6          Or are you... or is someone alleging that you are

7    going by different sets of contracts and that the contract

8    that one is basing the argument on is different from the

9    other?

10         MR. VAN DERDYS:        And we want to ascertain

11   whether we are dealing with the same documents and we

12   need... we feel it is relevant.

13         THE COURT:       Is there any issue as to the

14   contractual relation between the parties as it relates to

15   the proof of claim?

16         MR. VAN DERDYS:        No.

17         THE COURT:       Well, then that to me is not

18   relevant to the issue of the proof of claim.    That may be

19   relevant to the District Court action but not to the proof

20   of claim.

21         So, that doesn't have to be produced unless you

22   can establish that you... that either the Debtor or Puerto

23   Rico Telephone Company is relying on a different

24   contractual basis than the one alleged in the proof of

25   claim.

1          And I don't see that in... in the objection to

2    claim nor in the replies I have seen.

3          That may be a basis for the District Court but

4    not for the objection to claim.

5          Next.

6          MS. CONDE:      Interrogatory #15, provide copies

7    of all fraud and non fraud claims submitted to Advanced.

8          This is the same as Interrogatory #7.

9          THE COURT:      Well, they have to be produced.

10         MS. CONDE:      Okay.

11         It's... #16, provide copy of all documents by and

12   between Advanced Cellular and Puerto Rico Telephone related

13   to alleged fraud claims.

14         It's the same thing.

15         THE COURT:      Well, that... I guess it expands

16   on the first, on the prior one.   If there is any document

17   supplementing the fraud claim then they have to be

18   submitted.

19         MS. CONDE:      With each fraud claim a copy of

20   the telephone numbers which allege fraud were...

21         THE COURT:      It may very well be that if you

22   comply with the prior one then there is no... there are no

23   further documents but if there are you have to produce

24   them.

25         Because a fraud claim may have been supplemented

FORM FED-25 ® PENGAD · 1-800-631-6989

1    subsequently through other documents.    If that was the

2    case you have to produce it.    If it was not the case then

3    the document doesn't exist.

4         MS. CONDE:        Okay.

5         Interrogatory #11, all fraud claims submitted by

6    Advanced to its clients.

7         What do the clients have to do in here?    We...

8    we provided Puerto Rico Telephone...

9         THE COURT:        What is that?    I am lost?

10        MR. VAN DERDYS:        It's a reference, Your

11   Honor.

12        MR. CASELLAS:        Ricardo Casellas.

13        That request is essential to dispute the

14   objection to the proof of claim.    Because if the claim of

15   the Debtor to the Puerto Rico Telephone Company differed

16   from the claim that the client had with the Debtor then I

17   think there's a substantial basis to say that their

18   allegation is false.

19        THE COURT:        Well, let me ask a question.

20        Are the fraud claims which the Debtor submits to

21   Puerto Rico Telephone Company to be deducted from the

22   balance based upon fraud claims that the clients have

23   submitted to the Debtor, Advanced Cellular?

24        MS. CONDE:        That's true and that's why with

25   the fraud claim we used to attach copy of the telephone

40

1    number and the claimant.

2        THE COURT:        Well, then... then we're arguing

3    now something which it's menial.

4        MS. CONDE:        Your Honor...

5        THE COURT:        Because if... if your fraud claim

6    includes the basis for the fraud claim which is the claim

7    by your client, when what are we arguing about?

8        MS. CONDE:        But the thing is that what they

9    want is our correspondence with the client.

10        THE COURT:        Well, you have...

11        MS. CONDE:        Additional information that we do

12    not want...

13        THE COURT:        You have to submit the basis upon

14    which you submitted the fraud claim to Puerto Rico

15    Telephone Company which has to be the fraud claim that the

16    client submitted to you.

17        MR. CASELLAS:        Exactly.

18        And that...

19        THE COURT:        All business correspondence

20    between Advanced Cellular and your clients is not relevant

21    to the issue.

22        MS. CONDE:        And that's our point.

23        MR. CASELLAS:        Well, unless...

24        THE COURT:        Only as to the fraud claim.

25        MS. CONDE:        That's our point.

1    MR. CASELLAS:    Unless it relates to a credit

2    or a deduction of a claim.

3    THE COURT:    Only as to the fraud claims.

4    MS. CONDE:    As to the fraud claims.

5    Your Honor...

6    THE COURT:    Or fraud claims or any credit you

7    are requesting.

8    MS. CONDE:    Oh, yes Your Honor.

9    But, Your Honor, I want to make a parenthesis at

10    this moment because it has been a problem throughout all

11    this process.

12    I never know who's litigating this case.    Okay.

13    There's always a problem because I start litigating with

14    Brother Van Derdys and...

15    THE COURT:    Both.

16    MR. VAN DERDYS:    I beg your pardon...

17    THE COURT:    They're co-counsels, same law

18    firm.

19    MS. CONDE:    Your Honor, but it has been so

20    discussed throughout all the process...

21    MR. CASELLAS:    I move to strike.    That's

22    inflammatory.

23    THE COURT:    Well...

24    MR. CASELLAS:    It's irrelevant to what we're

25    arguing on the merits.    It's improper and I take an

1    exception to that.

2          MS. CONDE:       And it's very difficult every

3    time Brother Van Derdys starts with an argument you

4    introduce yourself and everything is different.

5          THE COURT:       Well, I... I... I note your

6    problem.   However, I don't see it at this time as an

7    impediment to the proceeding to go on.

8          However, it would be much easier, obviously, if

9    one addresses.   But I guess this litigation has more than

10   one part.

11         So, what I would require is that one speaks at a

12   time, not both at the same time.

13         MR. CASELLAS:       Very well, Your Honor.

14         MS. CONDE:       Number... Interrogatory #12,

15   copies... copies of all non fraud claims submitted.   I'm

16   sorry, Your Honor.

17         THE COURT:       Okay.

18         MS. CONDE:       But it's my point.

19         THE COURT:       Okay.

20         MS. CONDE:       Every time he starts talking...

21         (Short pause is taken.)

22         MS. CONDE:       As to this moment, Your Honor,

23   credits claimed by the Debtor are fraud claims but if there

24   are other non fraud claims we will submit the evidence,

25   okay?

FORM FED-25   ⊛   PENGAD • 1-800-631-6989

1        So, we will say yes to Interrogatory #12.

2        THE COURT:        Okay.

3        MS. CONDE:        Interrogatory #14, provide copies

4   of all documents showing the application by Advanced to its

5   clients.

6        THE COURT:        What is that?

7        MS. CONDE:        Explain, what do you want?

8        MR. VAN DERDYS:        All the credits.    All the

9   credits.    The application of the credits by Advanced, of

10  the credits that were provided by Puerto Rico Telephone

11  Company to Advanced and the benefit to their clients.

12        The ultimate use of it.    How they were applied

13  to the fraud claim of their client.

14        MS. CONDE:        That has nothing to do with our

15  claim to Puerto Rico Telephone Company, Your Honor.

16        MR. VAN DERDYS:        We believe it is relevant,

17  Your Honor, if...

18        MS. CONDE:        It imposes on the Debtor...

19        THE COURT:        Okay.

20        Let me... let me ask you a question.    Because it

21  all depends on how... how this business is transacted, what

22  happens.

23        Let's say that I as your client I submit to you a

24  fraud claim.    Look, someone has used the telephone and I

25  didn't use it.    Someone used my number.

1          So, I submit to you that claim, that fraud claim,

2    and since your provider, whatever it may be called, is

3    Puerto Rico Telephone Company you, in turn, submit that...

4    that fraud claim to Puerto Rico Telephone Company.

5          I guess for Advanced Cellular, for you as an

6    intermediary, to suffer a loss to claimant you must have

7    credited an amount to the client because if you didn't

8    credit the amount to the client then there was no loss.

9          So, I guess what it's being requested is to see

10   if Advanced Cellular did, in fact, suffer a loss based upon

11   the fraud claim.

12         And for that then a credit should have been given

13   by Advanced Cellular to the client for the loss to be

14   suffered.

15         Is that... is that...

16         MS. CONDE:      No, I do not agree with Your

17   Honor.

18         THE COURT:      No?

19         MS. CONDE:      I'm sorry, but the issue is they

20   are claiming...

21         THE COURT:      So, if I pay then you can still

22   claim it?

23         MS. CONDE:      The issue right now is as

24   follows:

25         We have claimed fraud.    Frauds were claimed to

1    us, okay.

2              THE COURT:        Is your client here?

3              MS. CONDE:        Yes.

4              THE COURT:        Can you check that with him?

5    Not that I doubt you but it's that...

6              MS. CONDE:        I will, Your Honor.

7              THE COURT:        Okay.

8              Double check that with your client.

9              (Short pause is taken.)

10             MS. CONDE:        You are correct in your

11   statement.

12             THE COURT:        Okay.

13             MS. CONDE:        But my position is that that's

14   not the issue.

15             Okay.   My position is...

16             THE COURT:        Okay.

17             MS. CONDE:        ... not the fact that it works the

18   way you stated because it does.

19             THE COURT:        Okay.

20             MS. CONDE:        My position is that that's not

21   the issue here.   They are trying to say okay I didn't give

22   you a credit on your fraud claim but you didn't give it

23   back to anybody so nobody lost.

24             MR. VAN DERDYS:        Well, Your Honor, we object

25   to that statement.

1    MS. CONDE:    And that's not the position.

2    What we are discussing here is we make a claim to you and

3    did you credit it or not.

4    THE COURT:    Okay.

5    MS. CONDE:    That's a two party relationship.

6    THE COURT:    Okay.

7    MS. CONDE:    A third party has nothing to do

8    with it.

9    THE COURT:    I understand your position, your

10   legal position.

11   But based upon the broadness that discovery

12   should have I'm going to grant their request.    That

13   doesn't mean that if we hold an Evidentiary Hearing I would

14   admit that piece of evidence as relevant unless the

15   relevancy is established.

16   MS. CONDE:    But the fact is... I understand

17   your decision but the fact is, Your Honor, that it is very

18   burdensome to the Debtor now to gather all that additional

19   information...

20   THE COURT:    This is burdensome all over.

21   MS. CONDE:    I know.

22   MR. VAN DERDYS:    That is correct, Your Honor.

23   MS. CONDE:    I know, Your Honor, and these

24   delays are burdensome.

25   THE COURT:    And I know we're talking about

1    hundred... thousands and thousands of documents but...

2         MR. VAN DERDYS:      Puerto Rico Telephone

3    Company has already spent substantially...

4         THE COURT:      Look, if you reach a ballpark

5    decision that's your decision.   If I have to see it in

6    detail then the detail has to be presented.

7         But I guess that's a judgment decision that the

8    parties make.   I guess if you in your minds and your

9    preliminary discovery determine, let's say, maybe the

10   differences are one thousand dollars I guess one thousand

11   dollars isn't worth it...

12        MS. CONDE:      Of course.

13        THE COURT:      ... to go through all this expense

14   and effort, but that I don't know.

15        MS. CONDE:      Interrogatory #16, same thing.

16   Provide copies of all documents by and between Advanced

17   Cellular and Puerto Rico Telephone that refer or relate to

18   alleged fraud claims.

19        Same thing.

20        THE COURT:      Yeah.

21        And same ruling.

22        MS. CONDE:      Okay.

23        Now, all these were related to one of our

24   objections, related to burdensome.

25        Now, our second objection is that other documents

1    are irrelevant and impertinent.

2            THE COURT:        How many fraud claims are we...

3    in terms of number how many are we talking about, ballpark

4    figure?

5            MS. CONDE:        How many claims?

6            THE COURT:        Fraud claims in the period

7    encompassed, 1, 5, 10, 500, 5,000?

8            MS. CONDE:        Thousands, Your Honor.

9            And fraud claims was such a big issue with Puerto

10   Rico Telephone Company that it went out of the hands of

11   Puerto Rico Telephone Company.

12           THE COURT:        Okay.

13           MS. CONDE:        And it's...

14           THE COURT:        That's fine.

15           MR. VAN DERDYS:        We object to that statement.

16           THE COURT:        I just wanted to know what the

17   breadth of the discovery was.

18           MS. CONDE:        How many were they?    How many

19   claims?    Many many claims.

20           THE COURT:        Many thousands.

21           Next?

22           MS. CONDE:        Interrogatory #8, describe in

23   specific detail and chronology the methodology used by

24   Advanced Cellular in processing fraud claims.

25           Interrogatory #9...

49

1      THE COURT:     At this time I'm going to... if

2   you're objecting to that interrogatory at this time I'm

3   going to grant it, without prejudice to your establishing

4   what is the relevance of that.

5      MR. VAN DERDYS:     Your Honor, we have to

6   determine whether the Debtor had any... any... any... could

7   have taken any affirmative action towards avoiding any...

8   towards solving that problem, that specific problem.

9      THE COURT:     What is there in the contract

10  that requires that?

11     MR. VAN DERDYS:     At this point in time I

12  don't have the contract here, Your Honor.

13     THE COURT:     I'm going to deny it without

14  prejudice.

15     MR. VAN DERDYS:     Okay.

16     THE COURT:     If you establish that that piece

17  of evidence would go to a contractual breach of Advanced

18  Cellular that's a different issue.

19     MR. VAN DERDYS:     Okay.

20     So, we reserve the right to...

21     THE COURT:     And I'm not saying that that may

22  be... well, I'm denying it without prejudice.

23     MS. CONDE:     Interrogatory #9, provide copies

24  of all corporate income tax returns of Advanced from 1993

25  to 1998.

FORM FED25 ⓡ PENGAD · 1-800-631-6989

1    THE COURT:    Not relevant to the objection to

2   claim.

3    MS. CONDE:    Interrogatory #10, provide copies

4   of all certified unaudited financial statements of Advanced

5   covering 1993 through 1998.

6    MR. VAN DERDYS:    If I may, Your Honor?

7   Fernando Van Derdys.

8    THE COURT:    Yes.

9    MR. VAN DERDYS:    We think that is extremely

10   relevant.   It shows the application or mention of the

11   fraudulent claims...

12    THE COURT:    Okay.

13    Did you claim as a deduction fraud claims unpaid

14   by Puerto Rico Telephone Company?

15    MS. CONDE:    If...

16    THE COURT:    When I say you, did the

17   corporation claim...

18    MS. CONDE:    Not specifically.

19    THE COURT:    ... as a deduction, as a tax

20   deduction, fraud claims submitted but not paid as it

21   regards to Puerto Rico Telephone Company?

22    MS. CONDE:    I will have to check the tax

23   returns.

24    THE COURT:    Well, if you did, if the Debtor

25   did, then you have to supply them.

1    MS. CONDE:        We're in #10.

2    MR. CASELLAS:        Your Honor, with all due

3    respect?

4    Counsel just mentioned that she would have to

5    check the tax return which was Request #9.    Now we're in

6    Request #10.

7    MS. CONDE:        That's why I stated...

8    MR. CASELLAS:        We submit... we submit that

9    not only the audited financial statements would be relevant

10   to show whether they actually credited or deducted as a

11   claim, which could differ from the claim they actually

12   submitted to PRTC or to the claim... or to the objection

13   that they're now presenting.

14   That's why it's relevant.  But also the tax

15   returns should be produced, which is Request #9.    Counsel

16   needs to look at the tax returns, she just said...

17   THE COURT:        But why?

18   Why is a tax return relevant to the claim?

19   MR. CASELLAS:        The tax return is relevant to

20   the objection to the claim.

21   THE COURT:        To the fraud claim?

22   MR. CASELLAS:        Because if the Debtor took a

23   deduction for fraud claims...

24   THE COURT:        But did they?

25   MR. CASELLAS:        I would have to look at the

FORM FED-25 ® PENGAD · 1-800-631-6989

1     returns to see that.

2           THE COURT:     Well, my ruling is if they did

3     they have to produce them.    If they didn't they don't have

4     to produce them.

5           MS. CONDE:     Thank you, Your Honor.

6           We will check those.

7           MR. CASELLAS:     Well, Your Honor, how do we

8     know... how do we know that they did or didn't if we don't

9     look at the returns?

10           It's relevant evidence or it could lead to the

11     discovery of relevant evidence.

12           THE COURT:     Well, that's true.

13           MR. CASELLAS:     We have to look at the

14     documents to see if they didn't take a deduction.  If they

15     didn't take a deduction then that may be admissible

16     evidence on what they're contesting here.

17           So, we request that...

18           MS. CONDE:     Your Honor,...

19           MR. CASELLAS:     We request that...

20           MS. CONDE:     Your Honor...

21           MR. CASELLAS:     I haven't finished, counsel.

22           MS. CONDE:     If we did not take the deduction

23     we will submit to this Honorable Court a copy of the

24     documents sealed.

25           MR. CASELLAS:     And that's...

FORM FED-25   ⑧   PENGAD • 1-800-631-6989

1     THE COURT:  Why sealed?  I mean, why are

2 income tax returns...

3     MS. CONDE:  Because, Your Honor, what they

4 are trying to do through this discovery is obtain the

5 information they want in the discovery for the District

6 Court.

7     They are going over the scope of the contested

8 matter and...

9     THE COURT:  I'm going to reconsider.

10     You would have to submit the income tax returns

11 and any statements in which the Debtor may have or could

12 have claimed as a deduction...

13     MR. CASELLAS:  Very well.

14     THE COURT:  ... the fraud claims.

15     MR. CASELLAS:  That would take care of

16 Request #9 and 10.

17     MS. CONDE:  Your Honor, I believe this would

18 go both ways, for the Debtor also.

19     THE COURT:  What do you mean both ways?

20     MS. CONDE:  This kind of information from

21 PRTC to the Debtor.

22     MR. CASELLAS:  Your Honor...

23     MS. CONDE:  It goes both ways.

24     MR. CASELLAS:  Your Honor, I'm lost.

25     We're talking about their failure to comply with

1  this interrogatory, which was served months ago and now she

2  wants to amend our interrogatory to do discovery.

3      THE COURT:    No... well, I'm just going to

4  rule on what is presently before the Court.

5      MR. CASELLAS:    Right.

6      THE COURT:    And I don't have that discovery

7  before me.

8      What is the next item?

9      MS. CONDE:    Copies of all corporate minutes,

10  memoranda relating to meetings by Advanced and the board of

11  directors and meetings of shareholders held during the

12  years '93 to '98.

13      MR. CASELLAS:    What's the Request, counsel,

14  number for the record, please?    What request are you

15  referring to?

16      MS. CONDE:    #17.

17      MR. CASELLAS:    If I may, Your Honor, we

18  were... to save time.

19      We were talking about Request 10, the audited

20  statement which this Court granted.    We already discussed

21  certain ones, from 10 to 16.

22      So, I take it that counsel has no objection to

23  Request 11 through 16, so we could save time, and I take it

24  that there will be an order to compel, to provide that.

25      So, now we're addressing 17?

1    THE COURT:       No, no, no, no.

2    That's not what has happened.  So, I guess we

3    better go one by one.

4    MR. CASELLAS:       Okay.

5    THE COURT:       Why is there any need for

6    corporate minutes?

7    MR. CASELLAS:       Well, again, the records of

8    the corporation and the board of directors discussing what

9    transpired in that five year period concerning the

10    application of fraud claims could be relevant to what

11    they're alleging here.

12    THE COURT:       That request is denied.

13    Next?

14    MS. CONDE:       Describe in detail and in every

15    method or procedure utilized by Advanced Cellular to

16    control and minimize fraud claims from its clients during

17    1993 to '98.

18    That goes directly to Interrogatory #8 which

19    objection was granted.

20    MR. CASELLAS:       That's not the case, Your

21    Honor.

22    That relates to the... to the order to compel the

23    documents which form the basis for the fraud claims.

24    18 has to do with an interrogatory to describe

25    the procedure that they adopted to minimize fraud claims

1  which relates to the contractual issue of the obligation of

2  the Debtor to prevent fraud.

3          THE COURT:       I'm going to... to... to grant

4  the objection without prejudice to that interrogatory,

5  without prejudice to establishing that the Debtor in

6  violation of any contractual term was negligent in its

7  methodology of preventing fraud claims.

8          And that they breached that... that duty or

9  responsibility then they should not be entitled to claim a

10  fraud claim.

11          MS. CONDE:       Interrogatory #19, provide copies

12  in a chronological order and by account number of each and

13  every letter, communication and documents sent by Advanced

14  to its clients during 1993 to 1998.

15          THE COURT:       Objection granted, overbroad.

16          MR. CASELLAS:       Your Honor,...

17          THE COURT:       And I know I have granted...

18          MR. CASELLAS:       ... but that was not the

19  request.

20          Counsel is misquoting or misstating the request.

21          THE COURT:       What was the request?

22          MR. CASELLAS:       It was not overbroad.

23          It said... 19 said, provide copies in

24  chronological order and by account number of each and every

25  letter, communication or document sent by Advanced Cellular

1    to its clients during the period of 1993 through 1998,

2    inclusive, regarding efforts undertaken by Advanced

3    Cellular to control or minimize fraud claims on cellular

4    service or to the application of credits.

5          MS. CONDE:        Inclusive.

6          MR. CASELLAS:        It couldn't be narrower than

7    that.

8          We're not interested in communications...

9          THE COURT:        Granted but limited to the fraud

10   claims.

11         MR. CASELLAS:        Or the application...

12         THE COURT:        Or the application of fraud

13   claims or credits.

14         MR. CASELLAS:        Very well.

15         That's all we're looking for, Your Honor.

16         MS. CONDE:        The statement says inclusive, not

17   limited.

18         MR. CASELLAS:        Counsel, I...

19         THE COURT:        My ruling stands.

20         Continue.

21         MS. CONDE:        Those are our objections, Your

22   Honor.

23         THE COURT:        Any other discovery issue which

24   is pending?

25         MR. CASELLAS:        Well, Your Honor...

1    THE COURT:    Time for compliance?

2    MS. CONDE:    Your Honor, the other issue is

3  our continuance of discovery.

4    MR. CASELLAS:    Well, I haven't finished, Your

5  Honor.

6    THE COURT:    Well, discovery has to continue.

7  I mean, that's understood.

8    MR. CASELLAS:    There are other

9  interrogatories which have not been objected to and just

10  for the clarity...

11    THE COURT:    I guess if they haven't been

12  objected to they have to be answered.

13    MR. CASELLAS:    Very well.

14    THE COURT:    So, time to answer?    And time to

15  conclude discovery on your part, on Debtor's part, too?

16    MR. CASELLAS:    Well, in that respect when are

17  we going to get the interrogatory answers and documents

18  from the other side?

19    THE COURT:    Well, I'm going to ask the same

20  question from both parties.

21    When each party is going to submit the discovery

22  which is pending?

23    MR. CASELLAS:    Well, as far... as far as the

24  PRTC is concerned, and counsel just said it at the very

25  beginning, that discovery is proceeding fine and it's at a

1    very advanced stage.

2              How much time was pending?

3              THE COURT:      Well, in terms of hours, days, or

4    months or years, what is fine?

5              MR. CASELLAS:      Sixty days to finish

6    discovery?   Or what do you think...

7              MS. CONDE:      On the part of the Debtor, Your

8    Honor, there are some documents we requested brother

9    counsel to... about two or three weeks ago.

10             As soon as we have those documents we can then

11   say how fast we can go, what we have missing.   Because we

12   have already ended our first phase of discovery, except

13   that copy of the documents we requested were not all

14   provided.

15             Once I have those documents I believe we can

16   expedite all this matter, but I believe 60 days should be

17   enough for both parties.

18             THE COURT:      Okay.

19             Sixty days to conclude the discovery concerning

20   the objection to claim.   And I will schedule a Pre-Trial

21   more or less in 90 days.

22             MS. CONDE:      Your Honor, can we have the date

23   when brother counsel will provide us a copy of the

24   documents we have pending?

25             THE COURT:      Look, this... you coordinate this

1    amongst yourselves.    If you have any problem then you move

2    the Court.

3           MS. CONDE:        Thank you.

4           THE COURT:       I'm not going to run your

5    calendars or mine now at this time.

6           Any other matter which needs to be addressed?

7           MR. CASELLAS:        Nothing further at this time.

8           THE COURT:       And I request a transcript in

9    support of the minute orders.

10           You're excused.

11           (Whereupon, the hearing in the above-entitled

12    matter was terminated.)

13

14

15

16

17

18

19

20

21

22

23

24

25