IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCE CELLULAR SYSTEMS, INC.<br><br>Plaintiff<br><br>v.<br><br>PUERTO RICO TELEPHONE COMPANY, Inc.<br><br>Defendant | Civil No. 97-2511 (JAF) |

**REPLY TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PRTC'S OPPOSITION BRIEF TO MOTION TO REOPEN FINAL JUDGMENT**

**TO THE HONORABLE COURT:**

COMES NOW, the defendant Puerto Rico Telephone Company (D/B/A Verizon Wireless), through its undersigned counsel, and opposes plaintiff's Memorandum (Docket 55) as follows:

Plaintiff did nothing to pursue its claims in the District Court for over eight years after the entry of a separate and final Judgment on the docket expressly closing the case, and now offers new but meritless excuses.

First, ACS misleads by arguing that the _entire_ action was automatically stayed by its bankruptcy petition. The Bankruptcy Court stayed only PRTC's counterclaim (Docket No. 245 in 98-07437, Exh.). And, one week after the entry

1

of Judgment, the Bankruptcy Court remanded ACS's complaint to the District Court because it was a "non-core" proceeding. See ACS v. PRTC, 262 B.R. 10 (D.P.R. 2001). Thus, the partial stay of the action against the debtor did not prevent ACS from moving in a timely manner to reopen the Judgment to litigate its complaint since it was not stayed.

Even when an automatic stay of the continuation of all proceedings remains effective, which is not the case here, the stay does not affect *per se* the validity or finality of a subsequent Judgment issued by a federal court. See Rexnor Holdings v. Bindermann, 21 F. 3d 522 (2nd Cir. 1994) (ministerial act of entering judgment after the filing of a Chapter 11 petition did not violate automatic stay), citing Teacher Annuity v. Butler, 803 F.2d 61, 66 (2nd Cir. 1986)(judgment entered on docket after automatic stay became effective nevertheless was final for res judicata purposes).

Second, ACS suggests that it chose not to litigate its claims because it was defending its objections to PRTC's proof of claim for many years in the Bankruptcy Court-which ignores the fact that ACS retained separate counsel for the litigation in the district and bankruptcy courts. To repeat, there was no stay of ACS's claims or any court

order that precluded ACS from pursuing its claims or reopening the Judgment in a timely fashion.

Third, ACS argues that PRTC should be estopped from challenging the court's jurisdiction because it moved to consolidate or remand all claims to the District Court after the entry of the Judgment (and lost). Nothing that PRTC argued back then serves to create subject matter jurisdiction now or establish that the Judgment was not final. Casas Office Machines v. Mita Copystar, 42 F.3d 668 (1st Cir. 1994)(a challenge to subject matter jurisdiction can never be waived).

Finally, citing inapposite authorities when a state court retains jurisdiction after removal of an action to federal court, ACS makes an indefensible argument that the Judgment "closing the case" is an "administrative" order that is not final or effective to dismiss the action.

The case law, however, does not support ACS's position. An administrative or ministerial order closing a case (assuming *arguendo* that the docket entry here can be described as such) satisfies the "separate" judgment requirement of FRCP 58, and when docketed under FRCP 79(a), as here, it matures into a final and appealable Judgment. CSU v. Xerox Corp., 202 F.R.D. 275 (D. Kan. 2001), citing *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th

3

Cir.1994), cert. denied, 514 U.S. 1109 (1995). There was nothing left for the District Court to do after it entered Judgment, 28 U.S.C. Sec. 1291, as evidenced by the fact that this case has remained permanently closed and archived in a federal judicial repository for eight years. It is inconsequential that the Judgment effected a dismissal of PRTC's counterclaim (and PRTC did not appeal) since the substance of its counterclaim is the proof of claim that remains *sub judice* to this day in the First Circuit.

WHEREFORE, the court should deny both plaintiff's motion to reopen and for leave to amend for lack of subject matter jurisdiction. Respectfully Submitted.

In San Juan, Puerto Rico, this 9th day of March 2007.

CERTIFICATION: Today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's counsel Zuleika LLovet and Jairo Mellado, Esq.

> CASELLAS ALCOVER & BURGOS, P.S.C.
> Ricardo F. Casellas, Esq.
> USDCT No. 203114
> Counsel of Verizon Wireless
> Suite 1400, Banco Popular Center
> 208 Ponce de Leon Avenue
> Hato Rey, Puerto Rico 00918
> P.O. Box 364924
> San Juan, Puerto Rico 00936-4924
> Tel.(787)402-0747
> rcasellas@cabprlaw.com
> s/Ricardo F. Casellas
> USDCT No. 203114

4