IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>  Plaintiff<br><br>  v.<br><br>PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFONICA<br><br>  Defendants | Civil No. 97-2511 (JAF)<br><br>Civil Action: Antitrust Laws; Discriminatory Pricing; Breach of Contract; Tort; Collection of Monies<br><br>Jury Trial Demanded |

**- SUR-REPLY TO PRTC'S REPLY TO ACS' SUPPLEMENTAL MEMORANDUM IN REPLY -**

TO THE HONORABLE COURT:

Comes now plaintiff, Advanced Cellular Systems Corp. (ACS) through the undersigned attorneys and respectfully states, alleges and prays:

1.   PRTC claims that a final and appealable judgment was issued dismissing the instant case - back in November 6th, 1998. However, when we review the order it does not include the word "dismiss" anywhere in its text - since the presiding judge clearly intended to close the case until a remand was effected.[1] Moreover, PRTC's interpretation did not cite any authorities at first.[2] Nevertheless, on its latest motion in reply[3] defendants purport to sustain their interpretation of the order at issue citing rules 58 and 79(a) Fed.R.Civ.P.

2.   PRTC suggests that the order closing the case[4] of reference - as a consequence of the removal to bankruptcy – "matured" into a final judgment "when docketed under FRCP

---

[1] See Hon. Gilberto Gierbolini's order and judgment dated November 6th, 1998. **Exhibit A**.
[2] See PRTC's supplemental memorandum of law in opposition to ACS' request for authorization to amend the complaint; at page 3 paragraph 3 – Docket 52.
[3] Docket 56.
[4] Docket 38.

79(a)."[5]  That is, PRTC maintains that the factor that determines when an order becomes final and appealable is controlled by the clerk.  Hence, PRTC argues that an order becomes final and appealable - without regard to the order's content - when the clerk enters it in the docket.  Defendants' interpretation remains a misrepresentation.

3. It is the judge and the language of his/her order which determines whether it is intended to end the case – "leaving nothing for the court to do but execute the judgment."[6]  The entry in the docket sheet is a ministerial act which does not change the substance of an order.

> For purposes of determining whether a final judgment had been entered from which plaintiffs could appeal, the district court's action, not the clerk's, controls. See <u>C.I.T. Financial Service v. Yeomans, 710 F.2d 416 (7th Cir.1983)</u>(per curiam) ("***The entry on the docket sheet is merely a ministerial act performed by the court clerk pursuant to <u>Rule 79(a) of the Federal Rules of Civil Procedure</u>. Such entry is not a judicial act of adjudication exhibiting the judge's statement of the substance of the court's decision,*** sufficient as a basis for invoking this Court's jurisdiction …. "The lack of a final written judgment entered by the clerk of the district court is not a technicality. A final written judgment is an indication to the parties and to this court that the district court considers its task completed." <u>Wood v. Coast Frame Supply, Inc.</u>, 779 F.2d 1441, 1442-43 (9th Cir.1986); *see also* <u>State of California v. Harvier,</u> 700 F.2d at 1219 ("the final order rule is more than a mere formality. The rule embodies the substantive policy that legal issues should be developed initially before the district courts.")."[7,8] (Emphasis added).

4. Therefore, the entry of the order in the docket[9] *did not* transform the order closing the case into a final judgment dismissing the case, as proposed by PRTC.  The case continued to be litigated in bankruptcy – under case number 98-7437 – then continued on appeal in the

---

[5] Docket 56; page 3, last paragraph.
[6] *Cruz v. Ridge*, 383 F.3d 62 (C.A.2. (N.Y.), 2004) as cited more fully in ACS' supplemental memorandum; first citation of page 9.
7 *Knevelbaard Dairies v.Krafts Foods, Inc.*, 232 F.3d 979 (C.A.9 (Cal.),2000).
8 *Burke v. C. I. R.*, 301 F.2d 903 (C.A.Mass. 1962). "It is true that a docket entry reflects the action taken by the court below on the bench. But a docket entry is not per se a judgment. It is but a minute of action taken by the court, for courts render judgments; clerks only enter them on the court records. What is determinative therefore is the action of the court, not that of the clerk, and lacking a transcript we do not know whether the court intended its announcement from the bench to be its 'final decision' or not"; *C.I.T. Financial Service v. Yeomans*, 710 F.2d 416 (C.A.Ill.,1983)." The entry on the docket sheet is merely a ministerial act performed by the court clerk pursuant to rule 79(a) of the Federal Rules of Civil Procedure. Such entry is not a judicial act of adjudication exhibiting the judge's statement of the substance of the court's decision, sufficient as a basis for invoking this Court's jurisdiction."; *Green v. Nevers*, 196 F.3d 627 (C.A.6 (Mich.),1999).
[9] Docket 38.

2

district court – in case 98-2355(JP) – after which, the order to remand became wedged between the bankruptcy and district courts.

5.     The remaining arguments raised in PRTC's latest motion neglect to reply properly to the points raised by ACS in its supplemental memorandum.  Therefore - with all due respect - no further clarification is necessary.

WHEREFORE, ACS respectfully requests that this Honorable Court deny PRTC's reply, and its response and supplemental response to ACS' request to file an amended complaint and for the opening and continuance of the case of caption, and allow ACS' amendment of the complaint to include the new causes of action that have arisen during the litigation of the instant case.

I hereby certify that on March 16th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila and Zuleika Llovet-Zurinaga, Esq.

In San Juan, Puerto Rico, this 16th of March, 2007.

> s/Jairo Mellado-Villarreal
> Jairo Mellado-Villarreal, 208112
> Attorney for Plaintiff
> MELLADO & MELLADO-VILLARREAL
> 165 Ponce de León Ave., Suite 202
> San Juan, Puerto Rico 00917-1233
> Tel. 787-767-2600/Fax 787-767-2645
> E-mail jmellado@mellado.com