UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP., <br><br> Plaintiff, <br><br> v. <br><br> PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFÓNICA, <br><br> Defendants. | Civil No. 97-2511 (JAF) |

**OPINION AND ORDER**

This case began almost ten years ago on October 14, 1997, when Plaintiff Advanced Cellular Systems ("ACS") filed a complaint against Defendant Puerto Rico Telephone and its subsidiary, Celulares Telefónica ("PRT"). Docket Document No. 1. Plaintiff removed the case to the United States Bankruptcy Court on November 6, 1998; the district court accordingly entered an order and judgment closing the case on the same date. Docket Document No. 38. Eight years later, on December 21, 2006, Plaintiff filed a motion seeking leave to amend its original complaint. Docket Document No. 43-1. Defendants opposed the motion, arguing that Plaintiff's motion to reopen the case is untimely. Docket Document No. 44-1.

**I.**

**Factual and Procedural History**

Civil No. 97-2511 (JAF)                                              -2-

We derive the following facts from the parties' filings. <u>Docket Document Nos. 41, 43-1, 43-2, 44-1, 47, 52-1, 55, 56-2, 57-2, 60, 62-1, 63</u>.

Plaintiff and Defendants entered into a business relationship in 1986, whereby ACS purchased cellular services and numbers from PRT at wholesale prices for resale to consumers at retail prices.

On October 14, 1997, Plaintiff brought a complaint against Defendants in district court alleging antitrust violations. <u>Docket Document No. 1</u>. Defendants brought a counterclaim against Plaintiff seeking to collect money for alleged outstanding debts, and terminated their relationship in April 1998.

Plaintiff then filed a bankruptcy petition and removed the case to bankruptcy court on November 6, 1998. <u>Docket Document No. 38</u>. Due to the removal, the district court closed the case on that date. <u>Id.</u> Defendants filed a proof of claim in the bankruptcy case for $1,655,391.96. The bankruptcy court subsequently remanded some of Plaintiff's claims, including the allegations of antitrust violations, to the district court on or around November 11, 1998. Plaintiff appealed the remand and the district court, presided over by the Honorable Jaime Pieras, Jr., affirmed the bankruptcy court's decision on March 29, 2000. <u>Docket Document No. 52-4</u>.

The present case remained inactive until December 21, 2006, when Plaintiff moved for leave to amend its 1997 complaint. <u>Docket</u>

Civil No. 97-2511 (JAF)                                              -3-

Document No. 43-1. On January 3, 2007, Defendants opposed Plaintiff's motion to reopen the case. Docket Document No. 44-1. Plaintiff replied on January 23, 2007. Docket Document No. 47. Defendant submitted a memorandum of law in support of its opposition on February 14, 2007. Docket Document No. 52-1. Plaintiff replied on March 5, 2007. Docket Document No. 55. Defendant sur-replied on March 22, 2007. Docket Document No. 60. Plaintiff sur-sur-replied on March 26, 2007. Docket Document No. 62-1.

## II.

### Analysis

We agree with Defendant that Plaintiff's attempt to re-open this case through its motion seeking leave to file an amended complaint, Docket Document No. 43, is untimely.

The statute of limitations for actions alleging antitrust violations is four years. 15 U.S.C. § 15(b) (2007). The events that are the subject of this litigation took place between 1986 and 1997, a period ending ten years ago.

Plaintiff seeks to attribute the failure of this case to remain open after the remand from bankruptcy court in March 2000 to a clerical error, asserting that the "case became wedged between the office of the clerk of the bankruptcy court and the office of the clerk" of the district court. Id. Plaintiff's arguments notwithstanding, even if a clerical error did account for the

Civil No. 97-2511 (JAF)                                                                  -4-

failure of the case to remain technically open in district court, Plaintiff did not take any steps to pursue its antitrust claims for the past six and a half years.  Plaintiff's attempts to renew its claims now are, therefore, untimely.

## III.

## Conclusion

In accordance with the foregoing, we **DENY** Plaintiff's request to amend its complaint. Case remains closed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of April, 2007.

                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge