IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP.<br><br>  Plaintiff<br><br>  v.<br><br>PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFONICA<br><br>  Defendants | Civil No. 97-2511 (JAF)<br><br>Civil Action: Antitrust Laws; Discriminatory Pricing; Breach of Contract; Tort; Collection of Monies<br><br>Jury Trial Demanded |

**MOTION FOR RECONSIDERATION AND/OR FOR ADDITIONAL DETERMINATIONS OF FACTS AND OF LAW AND/OR REQUESTING JUDGMENT AND REQUESTING ORAL ARGUMENT**

TO THE HONORABLE COURT:

Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays as follows:

1. On April 18, 2007, this Honorable Court issued an Opinion and Order which denied ACS's request to amend the complaint and further concluded that the case of caption remains closed.[1] As to this date, no judgment has been issued.[2]

2. Since the Opinion and Order failed to identify almost any factual determinations and no legal basis for its conclusions, ACS hereby respectfully requests

---

[1] Entered on docket on April 19, 2007.
[2] It is respectfully requested to this Court, for the purpose of preserving any procedural and/or substantive appealable rights, to issue Judgment accordingly.

this Honorable Court to issue additional determinations of facts and determinations of law to support its ruling.[3]

3.      The Opinion and Order pivots on the phrase: "Plaintiff did not take steps to pursue its antitrust claims for the past six and a half years."  The Court concluded that ACS's claim in antitrust is time barred.  That is, that the statute of limitations period to file the antitrust claim had elapsed at the time the leave to amend the complaint was filed on December 2006.  ACS respectfully avers that this conclusion is not supported by the record.

4.      The complaint was filed in 1997.  Dispositive motions were filed by the parties on the antitrust claim which to this date remain pending for the consideration of the Court.[4]  Afterwards, the case was stayed by the automatic stay provisions of the Bankruptcy Court after bankruptcy was also filed by ACS, up until 2006 when the leave to amend the complaint was filed.  The case of caption was never dismissed nor has a judgment been issued dismissing the case as the docket of the case of caption shows.[5]

---

[3] The Opinion and Order makes only reference to 15 U.S.C. Sec. 15(b), for the time bar to file an antitrust claim.

[4] The motions filed were: *Motion to Dismiss and Supporting Brief* filed by PRTC on December 17, 1997 – **Docket 6;** *Opposition to Motion to Dismiss* filed by ACS on January 27, 1998; **Docket 13;** *Defendants' Reply to Opposition to Partial Motion to Dismiss and Supplemental Motion to Dismiss* filed by PRTC on February 20, 1998 – **Docket 16;** *Opposition to Defendant's Supplemental Motion to Dismiss and Response to Defendant's Reply to Plaintiff's Opposition to Partial Motion to Dismiss* filed by ACS of April 1, 1998 – **Docket 20;** *Motion Seeking to Amend Prior Fed. R. Civ. P. 12(b)(6); Motion and Supplemental Motion and for Stay of Discovery* filed by PRTC on April 2, 1998 – **Docket 23;** *Opposition to Defendants' Motion Seeking Leave Amend Prior Fed. R. Civ. P Rule 12(b)(6), Motion and Supplemental Motion and for Stay of Discovery* filed by ACS on May 7, 1998 – **Docket 31.**

[5] The conclusions of this Honorable Court are not supported by the record nor can they find support in its recollection of the factual and procedural history of the case.  That is, to reach its conclusion that the antitrust

Thus, ACS's request to amend the complaint cannot be deemed to be a new filing of a new cause of action. Therefore, we must respectfully sustain that the antitrust claims are firmly in place since 1997.

5.  The pertinent statutes do not support the conclusion that the instant case was time barred in 2006 when ACS requested leave to amend the complaint.[6] The original complaint filed in 1997 tolled the statute of limitations for all claims named in the complaint including the one in antitrust, as well as in breach of contract and violations of the Federal Communications Act.[7] The complaint tolled the pertinent statutes of limitations from the moment it was filed. Moreover, since the case was never dismissed the statute of limitations for the causes of action filed by ACS remained divested while the case remained dormant before this Honorable Court.[8]

6.  Notwithstanding, even assuming *in arguendo* that the causes of actions of the original complaint including the antitrust claim are time barred, the causes of action for breach of contract and under the Communications Act of 1934 are not.[9] As a matter of fact, in its Opinion and Order this Honorable Court made no ruling onto these other

---

case is time barred, this Honorable Court assumes that the case was dismissed at some point during its trajectory and when ACS filed the amended complaint the statute of limitations has supposedly elapsed. This conclusion however is not supported in the Opinion's "Factual and Procedural History." On the contrary, the Opinion seems to propose that the case was never dismissed when it states that the case "remained inactive until December 21, 2006." That is, since the case was remanded by Hon. Judge Pieras on March 29, 2000 until the request for the amended complaint was filed in 2006, the case merely remained inactive and was never dismissed.

[6] ACS filed an Informative Motion – unopposed by PRTC – on April 27, 2006 (Dkt. 41).
[7] 47 U.S.C. Secs. 201(b) and 202(a).
[8] Silva Wiscowich vs. Weber Msg., 119 D.P.R. 550 (1987).
[9] See paragraphs 18 and 29 of the original complaint.

causes of action. In Puerto Rico the statute of limitations for breach of contract is 15 years.[10] Taking into consideration that the breach of contract was continuing until its termination in April 1, 1998, the fifteen year period has not elapsed.

7.     The determination to maintain the case closed is unsupported; not just because the case has never been dismissed and the statutes of limitations remained interrupted, but also because the case was submitted awaiting for a decision on the merits. The issue of antitrust was fully submitted by the parties for the consideration of this Honorable Court in 1997. Since then the case has awaited a decision.[11]

8.     Furthermore, ACS respectfully alleges that this Honorable Court cannot weigh its diligence or alleged lack thereof by reviewing the docket of the instant case in the vacuum. This case is fully intertwined with ACS' objection to PRTC's proof of claim in the bankruptcy case, now under reconsideration before the Court of Appeals.[12] In the Bankruptcy case[13], extensive discovery was conducted by the parties and a hearing on the merits was held on issues bearing directly on PRTC's anticompetitive practices and lack of good faith in the parties' contractual obligations. These issues are similar – if not identical – to the issues presented in the instant case. The relationship between the instant case and the case before the Bankruptcy Court is self evident since the counterclaim filed by PRTC in the case of caption was stayed by order of the Bankruptcy Court on June 1, 2000. To

---

[10] 31 L.P.R.A. Sec. 5294.
[11] See footnote no. 4 above.
[12] Filed on April 10, 2007 under case No. 06-1332.
[13] 98-07437.

conduct discovery and hearings on the same exact facts would have been costly and time consuming, especially for a party undergoing a reorganization under Chapter 11.

9. Finally, even though no separate judgment has been issued in the instant case dismissing the various causes of action, ACS requests that this Honorable Court make additional determinations of facts and of law pursuant to Rule 52, FRCP. To wit:

    a. Date when was the instant case was dismissed.

    b. Under what statute and/or rule was the case dismissed?

    c. If the case was dismissed, which of the causes of action – Antitrust, Contractual, the Communications Act –are time barred?

    d. When did the statute of limitations begin to run for the causes of action in the original case filed in 1997?

    e. Were the statutes of limitations of the causes of action filed in the original complaint tolled?

    f. Where the dispositive motions submitted decided on the merits and when?

10. Finally, since the nature of the issues herein presented are of a complex nature, it is respectfully requested that the matter be scheduled for oral argument.

WHEREFORE, ACS respectfully requests this Honorable Court to reconsider its *Opinion and Order* of April 18th, 2007 and allow for the case to continue with the proceedings and for the matters submitted for consideration be finally decided on the merits, allow the amendment to the complaint and/or make additional determinations of

fact and of law consistent with the ones herein requested and/or issue judgment and/or schedule a hearing for oral argument to discuss the issues presented herein.

I hereby certify that on May 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila.

In San Juan, Puerto Rico, this 2rd day of May 2007.

s/ Zuleika Llovet-Zurinaga
Zuleika Llovet-Zurinaga, 201407
Attorney for plaintiff Advanced Cellular Systems
P.O. Box 366048
San Juan, Puerto Rico 00936-6048
Tel. (787) 250-1979 / Fax (787) 250-8432
E-mail: zllovet@llovetlopez.com

s/ Jairo Mellado-Villarreal
Jairo Mellado-Villarreal, 208112
Attorney for plaintiff Advanced Cellular Systems
MELLADO & MELLADO-VILLARREAL
165 Ponce de León Ave., Suite 202
San Juan, Puerto Rico  00917-1233
Tel. 787-767-2600/Fax 787-767-2645
E-mail: jmellado@mellado.com