IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCE CELLULAR SYSTEMS, INC.<br><br>    Plaintiff<br><br>v.<br><br>PUERTO RICO TELEPHONE COMPANY, Inc.<br><br>    Defendant | Civil No. 97-2511 (JAF) |

## **OPPOSITION OF PRTC TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

TO THE HONORABLE COURT:

COMES NOW, the defendant Puerto Rico Telephone Company (d/b/a Verizon Wireless), through counsel, opposes plaintiff ACS's motion to reconsider (Doc. No. 66) filed on May 2, 2007 for the following reasons.

No self-serving explanation that ACS can give now serves to excuse why it waited years to litigate this case after the final Judgment entered in 1998 closing this same case. The pretexts offered by ACS to explain the years gone by without any activity to prosecute any of their claims, if ACS ever had any, are disingenuous at best.

When this court correctly denied the motion for leave to amend in its Opinion and Order (Doc. No. 65) it had two choices, first, rule that it had no subject matter jurisdiction to entertain plaintiff's untimely motion (Doc. No. 43) since ACS never timely appealed or moved to reopen the Judgment or second, decide as it did, that the antitrust claims were time barred, the proposed amendment was futile and would not withstand a FRCP 12(b)(6) motion to dismiss.

Futility is a valid reason to deny leave to amend. <u>Hatch</u> v. <u>Department for Children, Youth and Their Families</u>, 274 F.3d 12 (1st Cir. 2001). The court's conclusion that the antitrust claims are time barred is unassailable. The action was not refiled or reopened within four years of the Judgment closing the case. Since the Judgment of 1988 expressly closed the case, there was no other judicial action pending over the same claims between the same parties that could arguably have served to toll any such claims filed almost ten years later with the tendered amended complaint.

ACS alleges that it has federal claims for violations of the Federal Communications Act and FCC regulations and the court did not address those claims. <u>See</u> Tendered First Amended Complaint at 9-10 (Doc. No. 43). ACS does not

refute that any such claims would also be time barred by the applicable two-year limitations period for damages claims against carriers. 47 U.S.C. 415(b). And, there is no express or implied private right of action for damages for an alleged violation of FCC regulations so that claim would also be futile and meritless. Conboy v. AT&T, 241 F.3d 242 (2nd Cir. 2001). Without the federal antitrust claims, there is no other federal claim that would provide an independent basis for jurisdiction over any supplemental claims, including the alleged claim of breach of contract.

ACS's argument that there was a breach of contract claim under Puerto Rico law that was not time barred does not change the correctness of the result. Without any actionable federal claims, the timeliness of the so-called breach of contract claim is moot because this court has discretion not to entertain supplemental jurisdiction over that claim in the absence of complete diversity.

Finally, the breach of contract claim is just as meritless and futile if the Judgment of the Court of Appeals of the First Circuit in ACS v. PRTC, No. 06-1332 stands (holding that PRTC has no contractual liability in the binding tariff for cellular fraud). In any event, the filed rate doctrine puts all state law claims to rest in this case. American Tel. and Tel. Co. v. Central Office

<u>Telephone,Inc.</u>, 524 U.S. 214 (1998) (holding that state law claims of resellers of long distance telephone services alleging that carrier provided defective services are barred by the federal filed rate doctrine governing the tariff).

For all these reasons, this court should enter an order denying the motion for reconsideration.

In San Juan, Puerto Rico, this 7th day of May 2007.

CERTIFICATION: Today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's counsel Zuleika LLovet and Jairo Mellado, Esq.

> CASELLAS ALCOVER & BURGOS, P.S.C.
> Ricardo F. Casellas, Esq.
> USDCT No. 203114
> Counsel of Verizon Wireless
> Suite 1400, Banco Popular Center
> 208 Ponce de Leon Avenue
> Hato Rey, Puerto Rico 00918
> P.O. Box 364924
> San Juan, Puerto Rico 00936-4924
> Tel.(787)402-0747
> rcasellas@cabprlaw.com
> s/Ricardo F. Casellas
> USDCT No. 203114