IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADVANCED CELLULAR SYSTEMS, CORP.

  Plaintiff

  v.

PUERTO RICO TELEPHONE COMPANY;
CELULARES TELEFONICA

  Defendants

Civil No. 97-2511 (JAF)

Civil Action: Antitrust Laws;
Discriminatory Pricing; Breach of Contract;
Tort; Collection of Monies

Jury Trial Demanded

**REPLY TO PRTC'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR FOR ADDITIONAL DETERMINATIONS OF FACTS AND OF LAW AND/OR REQUESTING JUDGMENT AND REQUESTING ORAL ARGUMENT**

TO THE HONORABLE COURT:

    Comes now plaintiff Advanced Cellular Systems, Corp. ("ACS"), through the undersigned attorneys and respectfully states and prays as follows:

    1.    On May 7th, 2007 the defendants filed "Opposition of PRTC to Plaintiff's Motion for Reconsideration" to counter plaintiffs "Motion for Reconsideration and/or for Additional Determinations of Facts and of Law and/or Requesting Judgment and Requesting Oral Argument."

    2.    On said Motion, Defendant recognizes that the breach of contract claim under Puerto Rico law is not time barred. The defendant further states that the breach of contract claim is moot because the court has discretion not to entertain supplemental jurisdiction over said claim.[1]

    3.    We emphasize the opposite of that assertion. The breach of contract claim is not moot precisely because this Court has discretion to entertain the claim under the supplemental jurisdiction granted by 28 U.S.C. § 1367 (2007). Supplemental Jurisdiction allows this Court to decide a state law claim over which it would have no independent basis of subject matter jurisdiction at the Court's discretion. 28 U.S.C. § 1367 (2007). The federal jurisprudence supports our position in this matter.

---

[1] Opposition of PRTC to Plaintiff's Motion for Reconsideration, page 3

The First District Court has discussed what this section entitles and the factors to be considered when the Court exercises its' discretion regarding supplemental jurisdiction in a case.

> "Supplemental jurisdiction" is the currently fashionable term, embraced by Congress in drafting 28 U.S.C. § 1367, that now blankets both "pendent jurisdiction" and its kissing cousin, "ancillary jurisdiction." See Wright v. Associated Ins. Cos., 29 F.3d 1244 (1994), at §§ 9, 19 (discussing ancillary and pendent jurisdiction, respectively, and how those doctrines have been codified and modified by section 1367). Balancing the past and the present -- melding the wisdom of tradition with the virtue of progress -- we opt for a middle course and use the terms "supplemental jurisdiction" and "pendent jurisdiction" interchangeably.
>
> In enacting section 1367, Congress essentially codified the rationale articulated in United Mine Workers v. Gibbs, 383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). See Edmondson & Gallagher v. Alban Towers Tenants Ass'n, 48 F.3d 1260, 1266 (D.C. Cir. 1995); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); see generally Elizabeth Delagardelle, Note, Defining the Parameters of Supplemental Jurisdiction After 28 U.S.C. § 1367, 43 Drake L. Rev. 391 (1994). The Gibbs Court instructed that pendent jurisdiction exists when "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" Gibbs, 383 U.S. at 725. In particular, "the state and federal claims must derive from a common nucleus of operative fact." Id. Thus, "if, considered without regard to their federal or state character, a plaintiff's claims are such that [she] would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Id.; see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988); Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995); Brown v. Trustees of Boston Univ., 891 F.2d 337, 356 (1st Cir. 1989), cert. denied, 496 U.S. 937 (1990); Ortiz v. United States, 595 F.2d 65, 68-69 (1st Cir. 1979).

Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1175 (1st Cir. 1995).

Supplemental jurisdiction allows this Court to exercise jurisdiction over state law claims where there is a federal law "case or controversy" at issue and state law claims. The test is:

Is the federal claim substantial?

Are the claims the type that would ordinarily be expected to be heard in one action? Basically, do the claims arise from a common nucleus of operative facts?[2]

There is no doubt that all of the claims of this case arise from a common nucleus of operative facts and that the federal claim is substantial. And, as stated before, this Court may exercise supplemental

---

[2] United Mine Workers v. Gibbs, 383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966). See Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991); Bridges v. Eastman Kodak Co., 800 F. Supp. 1172, 1178 (S.D.N.Y. 1992).

jurisdiction over the state claim even though the federal claim is dismissed on the merits. "Because the decision whether to exercise supplemental jurisdiction is left to the broad discretion of the district court, this decision will be disturbed only upon finding an abuse of discretion." See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991); McCaffrey v. Rex Motor Transport, Inc., 672 F.2d 250 (1st Cir. 1982). In this case the Appellate Court found that "…there is clearly no such abuse: the state claims do not predominate; Vera points to no novel issue of state law; and joint adjudication serves the interest of judicial economy and fairness. We therefore find that the district court properly exercised supplemental jurisdiction." Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995).

This Court, like many other federal courts, should take in consideration factors such as equity, fairness and economy. "In determining whether to exercise its supplemental jurisdiction, district court should considered generally accepted principles of judicial economy, convenience, and fairness to litigants." Growth Horizons, Inc. v. Delaware County (1993, CA3 Pa) 983 F.2d 1277, 1 ADD 385; Fralin v County of Bucks (2003, ED Pa) 296 F. Supp. 2d 609. "[When] Deciding whether to dismiss supplementary claim pursuant to 28 USCS § 1367(c)(3) is within court's discretion; in exercising that discretion, court should consider number of factors, including (1) nature of state law claims at issue; (2) their ease of resolution; and (3) actual, and avoidable, expenditure of judicial resources." Rothman v. City of Chicago (2004, N.D .Ill) 16 AD Cas 185.

This Honorable Court should take into consideration the time this case has been litigated in it's courtroom when deciding whether it should exercise its' supplemental jurisdiction. "Retention of pendent state claims by federal court is warranted under 28 USCS § 1367(c)(3), in light of court's long-term familiarity with record of 4-year-old case, where there are no difficult state-law issues implicated, even though court has dismissed all claims over which it has original jurisdiction, because considerations of judicial economy call for decision." Door Sys. v. Overhead Door Sys. (1995, ND Ill) 905 F Supp 492, affd sub nom Door Sys. v. Pro-Line Door Sys. (1996, CA7 Ill) 83 F3d 169, remanded (1997, CA7 Ill) 126 F3d 1028, 44 USPQ2d 1376 (criticized in Lipscher v. LRP Publs., Inc. (2001, CA11 Fla) 266 F3d 1305, 60 USPQ2d 1468, 2001-2 CCH Trade Cases P 73477, 51 FR Serv 3d 172, 14 FLW Fed C 1343).

This Court is knowledgeable and has extensive comprehension of the issues and controversies of this case and it is in the best interest of fairness, judicial economy and justice for them to be resolved before this forum. We pray to avoid further delays in the resolution of this case and its pending claims.

WHEREFORE, ACS respectfully requests this Honorable Court to exercise its' discretion and continue with the proceedings and entertain the issues pending in this claim.

I hereby certify that on May 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Ricardo F. Casellas, Esq., Ricardo L. Ortiz Colón, Esq. and Mario Arroyo Dávila.

In San Juan, Puerto Rico, this 15 day of May 2007.

s/ Zuleika Llovet-Zurinaga
Zuleika Llovet-Zurinaga, 201407
Attorney for plaintiff Advanced Cellular Systems
P.O. Box 366048
San Juan, Puerto Rico 00936-6048
Tel. (787) 250-1979 / Fax (787) 250-8432
E-mail: zllovet@llovetlopez.com

s/ Jairo Mellado-Villarreal
Jairo Mellado-Villarreal, 208112
Attorney for plaintiff Advanced Cellular Systems
MELLADO & MELLADO-VILLARREAL
165 Ponce de León Ave., Suite 202
San Juan, Puerto Rico 00917-1233
Tel. 787-767-2600/Fax 787-767-2645
E-mail: jmellado@mellado.com