|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |
| ADVANCED CELLULAR SYSTEMS, CORP., <br><br> Plaintiff, <br><br> v. <br><br> PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFÓNICA, <br><br> Defendants. | Civil No. 97-2511 (JAF) |

**O R D E R**

This case stems from a business relationship that began in 1986 between Plaintiff Advanced Cellular Systems ("ACS") and Defendant Puerto Rico Telephone and its subsidiary, Celulares Telefónica ("PRT"), whereby Plaintiff purchased cellular services and numbers from Defendants to sell to consumers. On October 14, 1997, Plaintiff brought the present action against Defendants, alleging violations of the Sherman Act and the Federal Communications Act, and breach of contract, and the case was assigned to District Court Judge Gilberto Gierbolini. Docket Document No. 1. Plaintiff filed a bankruptcy petition on November 6, 1998, and simultaneously moved to remove this litigation to the bankruptcy court for consolidation with those proceedings; Judge Gierbolini granted the motion and closed the case. Docket Document No. 38. On November 11, 1998, the bankruptcy court remanded Plaintiff's antitrust claims to the district court, which affirmed the decision to remand on March 29, 2000.

Civil No. 97-2511 (JAF)                                                                          -2-

1    Plaintiff took no further action in this case until December 21,
2    2006, when it filed its motion to amend its 1997 complaint. Docket
3    Document No. 43-1. By that time, Judge Gierbolini had retired, and
4    the case had been reassigned to the undersigned. We denied
5    Plaintiff's motion on April 19, 2007, explaining that Plaintiff's
6    six-and-a-half-year delay in pursuing its claims rendered them
7    untimely. Docket Document No. 65. Plaintiff now asks us to
8    reconsider our order, and to answer a series of questions clarifying
9    our decision. Docket Document No. 66.
10   Motions for reconsideration "are entertained by courts if they
11   seek to correct manifest errors of law or fact, present newly-
12   discovered evidence, or when there is an intervening change in the
13   law." Lima-Rivera v. UHS of P.R., Inc., No. 04-1798, 2005 WL 2095786
14   at *1 (D.P.R. Aug. 30, 2005)(citing Jorge Rivera Surillo & Co. v.
15   Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)).
16   Plaintiff asks us to clarify when this case was dismissed, and
17   under what law. Docket Document No. 66. Upon reconsideration, we
18   agree with Plaintiff that this case was never officially dismissed.
19   However, "[a] district court's inherent powers to sanction parties
20   for litigation abuses include the power to act sua sponte to dismiss
21   a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. Of
22   P.R., 108 Fed. Appx. 638, 640 (1st Cir. 2004). Extremely protracted
23   inaction, measured in years, can constitute failure to prosecute.

Civil No. 97-2511 (JAF)                                          -3-

1   See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir. 1999);
2   Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).
3        Here, Plaintiff failed to pursue its claims for over six years
4   after the district court affirmed the remand from the bankruptcy
5   court in 2000 until 2006, when it filed the instant complaint.
6   Plaintiff has not justified this delay.  Docket Document Nos. 43-1,
7   66; United States Inv. & Dev. Corp. v. Cruz, 780 F.2d 166, 168 (1st
8   Cir. 1986) (finding that "when a considerable amount of time has
9   passed between the filing of the complaint and the motion to amend,"
10  the movant must "show some valid reason for his neglect and delay").
11  We, therefore, give Plaintiff notice that we will dismiss this case
12  for lack of diligent prosecution unless Plaintiff can show cause why
13  we should not do so within ten days, by providing an adequate
14  explanation for its lengthy delay.
15       To save Plaintiff from repeating arguments from the present
16  motion for reconsideration, we briefly address these arguments now.
17  Plaintiff first argues that its 1998 bankruptcy petition triggered an
18  automatic stay on the claims in Plaintiff's original complaint.
19  Docket Document No. 66.  Plaintiff, however, misunderstands the
20  function and purpose of bankruptcy's automatic stay, which "operates
21  as a stay of the commencement or continuation . . . of a judicial
22  . . . action . . . *against* the debtor." 11 U.S.C. § 362(a)(1)
23  (emphasis added).  We hold that the instant action was not stayed

Civil No. 97-2511 (JAF)                                                    -4-

1   pursuant to § 362 pending Plaintiff's bankruptcy because it was filed
2   *by* Plaintiff, and not *against* it, as the law contemplates.

3       Second, Plaintiff argues that the filing of the original
4   complaint tolled the statute of limitations for all of its claims.
5   Docket Document No. 66.  The meaning of this argument is unclear in
6   the context of the instant case, which was closed due to Plaintiff's
7   1998 motion.  Plaintiff cites to 47 U.S.C. §§ 201(b) and 202(a) to
8   bolster its position, but we fail to see the import of either
9   statute.  Id.  Section 201(b) deals with just and reasonable charges,
10  practices, classifications, and regulations of communication service,
11  and § 202(a) deals with unjust or unreasonable discrimination with
12  regard to the same.  47 U.S.C. §§ 201(b), 202(a).  Neither statute
13  has any apparent relevance to statute of limitations issues.  Id.  In
14  light of these observations, we reiterate our finding that, because
15  the statute of limitations on Plaintiff's antitrust claims is four
16  years, and the events underlying Plaintiff's claims occurred over ten
17  years ago, the statute of limitations on these claims has expired.
18  15 U.S.C. § 15(b) (2007).  We are not aware of, nor has Plaintiff
19  cited to, any law that tolls the statute of limitations under the
20  present circumstances.

21      Third, Plaintiff asserts that its causes of action "remained
22  divested while the case remained dormant."  Docket Document No. 66.
23  We understand this argument to mean that once the bankruptcy court
24  remanded Plaintiff's claims to this court, the claims indefinitely

Civil No. 97-2511 (JAF)                                                          -5-

retained their ripeness until such time as Plaintiff decided to act upon them. To support this argument, Plaintiff cites to <u>Silva Wiscovich v. Weber Dental Mfg. Co.</u>, 119 D.P.R. 550 (1987), a Puerto Rico case involving voluntary dismissal of a personal injury suit. <u>Id.</u> Neither the law nor the facts of this case apply to the one before us. As previously stated, the law demands that parties diligently prosecute their claims. <u>See</u> <u>Ortiz-Anglada</u>, 183 F.3d at 67. Because Plaintiff failed to do so, its claims are no longer ripe.

Finally, Plaintiff argues that the statute of limitations does not bar either its cause of action under the Federal Communications Act or its Puerto Rico claim of breach of contract. <u>Id.</u> The Federal Communications Act, however, imposes a two-year statute of limitations on actions for recovery of damages against carriers. 47 U.S.C. § 415(b). We choose not to exercise supplemental jurisdiction over Plaintiff's Commonwealth claim for breach of contract.

In accordance with the foregoing, we **order Plaintiff to show cause <u>within ten (10) days</u>** as to why we should not dismiss this action for lack of diligent prosecution.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of July, 2007.

                                    S/José Antonio Fusté
                                    JOSE ANTONIO FUSTE
                                    Chief U.S. District Judge