**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ADVANCE CELLULAR SYSTEMS, INC.

       Plaintiff

v.                                                    Civil No. 97-2511 (JAF)

PUERTO RICO TELEPHONE COMPANY,
Inc.

       Defendant

---

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SHOW CAUSE
AND CROSS-MOTION TO DISMISS FOR LACK OF PROSECUTION**

**TO THE HONORABLE COURT:**

COMES NOW, the defendant Puerto Rico Telephone Company (D/B/A Verizon Wireless), through its undersigned counsel, and responds as follows:

In response to the Show Cause Order (Docket Doc. No. 73), plaintiff filed a motion on August 2, 2007 (Docket Doc. No. 75) that reveals years of strategic gamesmanship to deliberately abandon its claims before this court- that had denied plaintiff's motion for preliminary injunctive relief- hoping to find a more favorable forum for its claims in the Bankruptcy Court:

1)  This  court  would  be  within  its  discretion  to
dismiss  this  action  for  lack  of  diligent  prosecution
measured in years.

As  an  excuse  for  not  prosecuting  the  case  for  eight
years,  plaintiff  alleges  that  PRTC  filed  a  motion  to
dismiss  for  failure  to  state  a  claim  (that  was  not
resolved) and moved to stay discovery so ACS alleges there
was  nothing  for  it  to  do  in  this  case. Not  so. Plaintiff
concedes  that  Judge  Gierbolini  never  ordered  a  stay  of
discovery. As a matter of law, a motion to dismiss does not
foreclose  an  opposing  party  from  serving  discovery  requests
or  moving  to  compel  pending  resolution  of  the  dispositive
motion.  Plaintiff  did  nothing.  If  plaintiff  elected  to  do
nothing  it  was  its  choice,  not  that  it  was  court-ordered.
The  procedural  posture  of  this  case  did  not  excuse
plaintiff  from  failing  to  prosecute  its  claims  for  eight
years.

2)   Plaintiff  seeks  cover  behind  the  Judgment  closing
this  action  in  1998  as  a  reason  for  its  prolonged
inactivity  arguing  that  the  case  was  in  state  of  judicial
coma,  but  fails  to  contest  that  for  years  it  did  not  move
to  reopen  the  Judgment  until  the  motion  for  leave  to  amend
eight  years  later  in  December  2006  (Docket  Doc.  No.  43).
The  1998  Judgment  by  itself  was  proof  positive  that  the

2

case had been closed. No more prior notice by this court is required before dismissing the case after a prolonged period of inaction measured in years. Further, in that motion at 5, plaintiff acknowledges the finality of the 1998 Judgment for ACS expressly requests to "reopen the case". Thus, plaintiff clearly knew that the case was inactive and it had to act and move the court to reopen it. Why ACS waited eight years is inexcusable or can only be explained by plaintiff's conscious litigation strategy to find another forum for its claims. There is no basis for a reasonable belief that this case was active after 1998 or that plaintiff could reasonably rely on the Judgment to excuse its inactivity.

On November 10, 1998, the District Court closed this action and entered an Order and Judgment "as it has been removed to the Bankruptcy Court." (Doc. No. 38). On March 29, 2000, Judge Pieras affirmed the Bankruptcy Court's decision to remand the "non-core" claims of ACS to the District Court (Gierbolini, J.) in the present action. When Judge Pieras, in 2000, affirmed the order to remand the case to this court, plaintiff, who had lost its appeal, did not prosecute the case or request Judge Gierbolini to reopen it on grounds that the circumstances of the Judgment had changed. In 2000, plaintiff knew that the predicate for

3

the closing order in the Judgment had changed because Judge

Pieras determined that the case was properly before the

District Court. Plaintiff failed to both inform Judge

Gierbolini that the case was no longer in the Bankruptcy

Court and ask relief to reactivate the case. At least six

years of inactivity elapsed and are again unexplained.

Significantly, now that the Court of Appeals in In re

Advanced Cellular Systems Inc., 483 F.3d 7 (1st Cir. 2007),

*reh'g denied*, has rejected plaintiff's main defenses to

PRTC's proof of claim in bankruptcy, ACS faces PRTC's

unopposed summary judgment motion for collection of monies

in the District Court before Judge Casellas. Since the

appellate decision dooms plaintiff's chance of success in

bankruptcy, ACS has changed course by seeking to jump start

the abandoned (and meritless) claims in this court.

   3) What is remarkable is plaintiff's candid admission

that it attempted to litigate these same claims in the

Bankruptcy Court during the proceedings of PRTC's proof of

claim. The significance of plaintiff's admission is that,

on June 4, 2001, the Bankruptcy Court refused to permit

plaintiff to prosecute its claims in those proceedings.

After that ruling, plaintiff did nothing to file a separate

adversary proceeding or seek relief to continue identical

claims filed in this court. Thus, plaintiff knew at least

4

since 2000 or 2001, that it had to litigate its claims in this action and did nothing to reopen or move the case for years.

Plaintiff's gamesmanship to seek relief on its claims in the Bankruptcy Court and leave the same claims in this court suspended indefinitely was a strategic decision. It was a decision made at the outset of this case when this court denied plaintiff's motion for a preliminary injunction. Plaintiff's tactic of not prosecuting this case- that was closed and had a pending motion to dismiss-has undertones of judge-shopping because Judge Gierbolini had denied plaintiff's motion for a preliminary injunction and expressed the court's interim views about plaintiff's unlikelihood of success on the merits of its claims. Cf. Vaqueria Tres Monjitas v. Rivera Cubano, 230 F.R.D. 278 (D.P.R. 2005)(imposing sanctions for judge-shopping on attorney who moved to voluntarily dismiss and re-file the action after the court denied plaintiff's request for a preliminary injunction).

Plaintiff did not litigate the claims in this court, for eight years, for the simple reason that Judge Gierbolini had been unreceptive to its claims. Had the court not entered Judgment, it would have ruled on the motion to dismiss. This court should not condone

5

plaintiff's gamesmanship to seek to reopen this case after years of inactivity and dismiss it for lack of prosecution.

4)    Finally, plaintiff's argument that its delay causes no "damages" to PRTC is unavailing and incorrect. Although the case in bankruptcy remains under Chapter 11, it is uncertain if ACS has assets from which PRTC could recover its proof of claim or the counterclaim. The bankruptcy proceedings have been stalled by the lengthy appeals process on the proof of claim. Years have passed giving ACS the opportunity to squander any assets that might have existed to satisfy a judgment in PRTC's favor. Accordingly, PRTC has been prejudiced by plaintiff's lack of prosecution.

**WHEREFORE,** based on the authorities cited in the show cause order, this court should find that plaintiff ACS's purported reasons to explain its inactivity measured in years are inexcusable or invalid and the action should be dismissed with prejudice for lack of prosecution; or in the alternative, deny leave to amend as futile or for lack of jurisdiction.

In San Juan, Puerto Rico, this 11th of August 2007.

CERTIFICATION:    Today we electronically filed the foregoing with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to

plaintiff's counsel Zuleika LLovet and Jairo Mellado, Esq.

Respectfully Submitted,

CASELLAS ALCOVER & BURGOS, P.S.C.
Ricardo F. Casellas, Esq.
USDCT No. 203114
Counsel of Verizon Wireless
Suite 1400, Banco Popular Center
208 Ponce de Leon Avenue
Hato Rey, Puerto Rico 00918
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel.(787)402-0747
rcasellas@cabprlaw.com
s/Ricardo F. Casellas
USDCT No. 203114