|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

| | |
|---|---|
| ADVANCED CELLULAR SYSTEMS, CORP., <br><br> Plaintiff, <br><br> v. <br><br> PUERTO RICO TELEPHONE COMPANY; CELULARES TELEFÓNICA, <br><br> Defendants. | Civil No. 97-2511 (JAF) |

**O R D E R**

This case stems from a business relationship that began in 1986 between Plaintiff Advanced Cellular Systems ("ACS") and Defendant Puerto Rico Telephone and its subsidiary, Celulares Telefónica ("PRT"), whereby Plaintiff purchased cellular services and numbers from Defendants to sell to consumers. On October 14, 1997, Plaintiff brought the present action against Defendants, alleging violations of the Sherman Act and the Federal Communications Act, and breach of contract, and the case was assigned to District Court Judge Gilberto Gierbolini. Docket Document No. 1. Plaintiff filed a bankruptcy petition on November 6, 1998, and simultaneously moved to remove this litigation to the bankruptcy court for consolidation with those proceedings; Judge Gierbolini granted the motion and closed the case. Docket Document No. 38. On November 11, 1998, the bankruptcy court remanded Plaintiff's antitrust claims to the district court, which affirmed the decision to remand on March 29, 2000.

Civil No. 97-2511 (JAF)                                                -2-

Plaintiff took no further action in this case until December 21, 2006, when it filed a motion to amend its 1997 complaint. Docket Document No. 43-1. By that time, Judge Gierbolini had retired, and the case had been reassigned to the undersigned. Docket Document No. 42. We denied Plaintiff's motion on April 19, 2007, explaining that Plaintiff's six-and-a-half-year delay in pursuing its claims rendered them untimely. Docket Document No. 65. Plaintiff moved for reconsideration on May 2, 2007. Docket Document No. 66. Defendant opposed on May 7, 2007, Docket Document No. 67, and Plaintiff replied on May 15, 2007, Docket Document No. 69. On July 18, 2007, we ordered Plaintiff to show cause why we should not dismiss this case for lack of diligent prosecution, in light of the lengthy and unjustified delay between the remand of its claims to the district court and its motion to amend. Docket Document 73. Plaintiff complied on August 2, 2007. Docket Document No. 75.

"A district court's inherent powers to sanction parties for litigation abuses include the power to act sua sponte to dismiss a suit for failure to prosecute." Diaz-Santos v. Dep't of Educ. Of P.R., 108 Fed. Appx. 638, 640 (1st Cir. 2004). Extremely protracted inaction, measured in years, provides a basis for dismissal based on lack of prosecution. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir. 1999); Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987). "[W]hen a considerable amount of time has passed between the filing of the complaint and the motion to amend," the movant must "show some valid reason for his neglect and delay." United States

Civil No. 97-2511 (JAF)                                                -3-

<u>Inv. & Dev. Corp. v. Cruz</u>, 780 F.2d 166, 168 (1st Cir. 1986). Plaintiff has failed to make any such showing.

Instead, Plaintiff attempts to lay responsibility for its failure to prosecute on the court, alleging that motions pending from before Plaintiff removed its case to Bankruptcy Court in 1998 required a response before Plaintiff could proceed with the district court case. <u>Docket Document No. 75</u>. It is axiomatic, however, that once this case was closed upon Plaintiff's request, then remanded to this court, it fell upon Plaintiff to file new motions regarding discovery or amendments, as it eventually did in 2006.

Plaintiff also argues that it diligently prosecuted its bankruptcy court case. <u>Id.</u> That fact has no bearing on the proceedings in this court. Finally, Plaintiff asserts that it had "no way of knowing that its case [wa]s at risk of being dismissed." <u>Id.</u> Plaintiff ignores the fact that we issued an order to show cause, <u>Docket Document No. 73</u>, explicitly informing it of this fact. As outlined in this opinion, we do not find the reasons Plaintiff provided in response to that order to justify the six-year delay compelling.

In accordance with the foregoing, we hereby **DISMISS** this case for lack of prosecution. This case is now closed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 16th day of August, 2007.

                              S/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge